Entry Overruling Motion to Withdraw As Counsel for Appellant is Vacated. Motion to Withdraw As Counsel for Appellant is Granted. New Counsel for Appellant is Appointed. Appeal is Ordered to be Resubmitted.
This cause is sua sponte removed from the accelerated calendar.
OPINION.
Appellant William Booker appeals from the 1998 entry ordering his permanent commitment to the Department of Youth Services ("DYS"), based upon his 1996 adjudication as a delinquent child. His appointed counsel has filed a no-error brief pursuant toAnders v. California (1967), 386 U.S. 738, 87 S.Ct. 1396.
 I.
On January 22, 1998, the juvenile court entered a second domestic-violence delinquency adjudication against Booker. On February 5, 1998, following a dispositional hearing, the court placed of record two entries: (1) an entry permanently committing Booker to DYS, based upon the January 1998 delinquency adjudication; and (2) an entry permanently committing him to DYS, based upon a December 1996 delinquency adjudication. With the assistance of counsel appointed by the juvenile court, Booker sought review of the January 1998 delinquency adjudication in Appeal No. C-980213. This court affirmed that adjudication inState v. Booker (Mar. 5, 1999), Hamilton App. Nos. C-980213 and C-980214, unreported ("Booker I"). The court also ordered the consolidated, no-error appeal, No. C-980214, to be resubmitted as counsel had failed to discharge the duties which are a necessary prerequisite to filing a no-error brief under the regime of Anders
and Freels v. Hills (C.A. 6, 1988), 843 F.2d 958, certiorari denied (1988), 488 U.S. 997, 109 S.Ct. 567.
Having now demonstrated a "conscientious examination of the record," Freels, 843 F.2d at 960, and compliance with the initial requirements of Anders and Freels, and with the mandate of this court in Booker I,[1] Booker's counsel again asserts that, in light of this court's decision in In re Bracewell (1998),126 Ohio App.3d 133, 709 N.E.2d 938, he can discern no error in the trial proceedings. He urges this court to proceed to the next step of the Anders analysis and to conduct "a full examination of all the proceedings to decide whether the case is wholly frivolous." Anders, 386 U.S. at 744, 87 S.Ct. at 1400.
If this court finds the case to be wholly frivolous, the court may either, consistent with the federal constitution, "grant counsel's request to withdraw and dismiss the appeal" or, if state law requires, "proceed to a decision on the merits." If, on the other hand, this court "finds any of the legal points arguable on their merits, it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal." Id.
 II.
The sparse record certified for review reveals that on December 16, 1996, the juvenile court adjudicated Booker a delinquent child for engaging in domestic violence, conduct which, if engaged in by an adult, would have constituted a violation of R.C. 2919.25. On February 3, 1997, the court placed of record a rubber-stamped entry declaring "COMMIT [Booker] TO THE TEMPORARY CUSTODY OF HILLCREST SCHOOL" and "SUSPEND PERMANENT COMMITMENT TO [DYS]." In August 1997, the court terminated Booker's temporary commitment and placed him in Hillcrest's "aftercare" program. As this court noted in Booker I, the import of the court's orders suspending and then terminating Booker's commitment is unclear.
 III.
The General Assembly has determined that the best solution for the problem of delinquency is to be found in specialized courts, organized under statutes and rules separate from the criminal laws, and possessing a variety of unique sanctions. See R.C. Chapter 2151; see, also, In re Gault (1967), 387 U.S. 1,16-17, 87 S.Ct. 1428, 1438. In Bracewell, this court determined that those rules and statutory provisions, when followed, give the juvenile courts jurisdiction and authority to take a wide variety of measures to ensure a juvenile's welfare and rehabilitation. This jurisdiction extends to imposing sanctions in subsequent dispositional hearings until a delinquent youth reaches his or her twenty-first birthday.
This court did not, however, reach in Bracewell the issue of whether the juvenile court's dispositional authority is constrained by the due process guarantees of theFourteenth Amendment when it exercises its authority, makes a disposition which is later terminated, and then imposes additional sanctions in a subsequent proceeding against the juvenile. Even in matters affecting juveniles, the United States Constitution imposes an obligation to proceed with the basic requirements of due process and fairness. See In re Gault, 387 U.S. at 12-13,87 S.Ct. at 1436. The appeal is not, therefore, wholly frivolous, as there remain "legal points arguable on their merits" to be resolved before this court can fulfill its constitutionally mandated function and affirm, reverse, or modify the judgment of the juvenile court. See Anders, 386 U.S. at 744, 87 S.Ct. at 1400; Section 3(B)(2), Article IV, Ohio Constitution.
 IV.
This court's resolution of no-error appeals has been problematic. The court in Anders noted that:
 The constitutional requirement of substantial equality and fair process can only be attained where counsel acts in the role of an active advocate in behalf of his client, as opposed to that of amicus curiae.
Id. at 744, 87 S.Ct. at 1400; see, also, State v. Duncan (1978),57 Ohio App.2d 93, 93, 385 N.E.2d 323, 324. As an intermediate appellate court, we are constrained to resolve assignments of errors raised, supported and attacked in properly filed briefs prepared by counsel acting as advocates for their clients. See App.R. 12 and 16(A). We are ill-equipped to act as a reviewing chancellor without the assistance of advocates. As Anders and the appellate rules contemplate, the resolution of the "legal points arguable on their merits" is best achieved by the adversarial process.
 V.
Having reviewed the record in its entirety and having found legal points "arguable on their merits," this court cannot now reach a decision on the merits of the appeal. We, therefore, vacate our April 9, 1999, entry overruling appellant's counsel's motion to withdraw, and hereby grant the motion. We appoint attorney Peter Rosenwald to serve as counsel for Booker and order him to present, in accordance with App.R. 12 and 16(A), an assignment of error on the issue of whether the juvenile court's procedures violated due process and on any other matter that he might discover in diligent review of the record on appeal. Wherefore, we give counsel for the appellant until September 13, 1999, to file his brief and give the appellee until November 1, 1999, to file its responsive brief. Thereafter, the appeal will be set for argument.
Judgment accordingly.
 Doan, P.J., and Painter, J., Concur.
 Please Note:
The court has placed of record its own entry in this case on the date of the release of this Opinion.
[1] On April 9, 1999, this court inappropriately entered judgment overruling appointed counsel's motion to withdraw before this appeal had been resubmitted. By this decision, we countermand that entry.