DECISION AND JUDGMENT ENTRY
This matter is before the court on appeal from the Lucas County Court of Common Pleas. It comes before the court on counsel's motion to withdraw as counsel on appeal and the Anders brief in support thereof. The facts of this case are as follows.
On April 21, 1998, appellant, Richard M. Schoch, entered pleas, pursuant to North Carolina v. Alford, (1970), 400 U.S. 25, to one count of receiving stolen property, a fourth degree felony, one count of attempted burglary, a third degree felony and, four counts of burglary, all third degree felonies. Appellant received a sixteen month prison term for receiving stolen property. Said sentence was ordered served concurrently with a two year sentence he received for attempted burglary. He was sentenced to consecutive two year prison terms for each charge of burglary. These sentences were ordered served consecutively with his sentence for attempted burglary. In sum, appellant was sentenced to prison for ten years.
Appellant's appointed counsel has submitted a motion to withdraw as counsel on appeal pursuant to Anders v. California (1967), 386 U.S. 738,18 L.Ed.2d 493, 87 S.Ct. 1396. In support of his request, and pursuant to the guidelines set forth in Anders, appellant's counsel asserts that after an extensive review of the record he was unable to find any valid, arguable issues for appeal. In his brief, however, counsel for appellant has raised the following potential assignment of error:
 "THE TRIAL COURT ERRED WHEN IT IMPOSED CONSECUTIVE SENTENCES IN VIOLATION OF OHIO REVISED CODE § 2953.089(A)(1)."
Appointed counsel for appellant has submitted to this court a motion for leave to withdraw as counsel for appellant for want of a meritorious, appealable issue, pursuant to the constitutional guidelines established in Anders v. California (1967), 386 U.S. 738,18 L.Ed.2d 493, 87 S.Ct. 1396. See, also, State v. Duncan (1978), 57 Ohio App.2d 93. The Anders case set forth procedures with which appointed appellate counsel must comply for the appellate court to consider a motion to withdraw as counsel. Counsel must (1) advise the court and request permission to withdraw if an appeal is deemed wholly frivolous; (2) submit a brief which indicates anything in the record which might arguably support an appeal; and (3) furnish a copy of the brief to the indigent, who must then be given time to raise any point which he chooses. Counsel has met these requirements.
In his potential assignment of error, appellant contends that pursuant to R.C. 2953.08, the court's sentence is in error.
R.C. 2953.08(C) states:
 "* * * a defendant who is convicted of or pleads guilty to a felony may seek leave to appeal a sentence imposed upon the defendant on the basis that the sentencing judge has imposed consecutive sentences under division (E)(3) or (4) of section 2929.14 of the Revised Code and that the consecutive sentences exceed the maximum prison term allowed by division (A) of that section for the most serious offense of which the defendant was convicted."
Possible prison terms for third degree felonies are one, two, three, four, or five years. R.C. 2929.14(A)(3) Possible prison terms for fourth degree felonies are six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, or eighteen months.Id. at (A)(4). R.C. 2929.14(E)(4) states:
 "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
The judgment entry of appellant's sentence reads as follows:
 "The Court finds the defendant is not amenable to community control and that prison is consistent with the purposes of R.C. 2929.11.
 The Court finds pursuant to R.C. 2929.14(B) that the shortest prison term possible will demean the seriousness of the offense AND will not adequately protect the public and therefore imposes a greater term.
* * *
 Being necessary to fulfill the purposes of R.C 2929.11, and not disproportionate to the seriousness of the offender's conduct or the danger the offender poses and the court FURTHER FINDS:
 1) previous prison term; 2) defendant's criminal history requires consecutive sentences."
Based on the foregoing, appellant's proposed assignment of error is found not well-taken.
Upon review of the entire record of proceedings in the trial court, we find no other grounds for a meritorious appeal. Accordingly, this appeal is found to be without merit and wholly frivolous. Appellant's counsel's motion to withdraw is found well-taken and is hereby granted.
On consideration whereof, this court finds that appellant was not prejudiced or prevented from having a fair trial and the judgment of the Lucas County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellant.
Melvin L. Resnick, J., James R. Sherck, J., Richard W. Knepper, P.J., CONCUR.