DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas, Juvenile Division, that granted permanent custody of appellant James K.'s children Nicole, Raymond and Courtney K. to appellee Lucas County Children Services Board ("LCCS"). For the reasons that follow, this court affirms the judgment of the trial court.
 {¶ 2} Appointed counsel Penny Nasatir has submitted a request to withdraw pursuant to Anders v. California (1967), 386 U.S. 738. In support of her request, counsel for appellant states that, after reviewing the record of proceedings in the trial court, she was unable to find any appealable issues. Counsel for appellant does, however, set forth the following proposed issue for review:
 {¶ 3} "What exceptions are allowed by O.R.C. 2151.414(E) which might permit eventual reunification of appellant and his children?"
 {¶ 4} Anders, supra, and State v. Duncan (1978), 57 Ohio App.2d 93, set forth the procedure to be followed by appointed counsel who desires to withdraw for want of a meritorious, appealable issue. In Anders, the United States Supreme Court held that if counsel, after a conscientious examination of the case, determines it to be wholly frivolous he should so advise the court and request permission to withdraw. Id. at 744. This request, however, must be accompanied by a brief identifying anything in the record that could arguably support the appeal. Id. Counsel must also furnish his client with a copy of the brief and request to withdraw and allow the client sufficient time to raise any matters that she chooses. Id. Once these requirements have been satisfied, the appellate court must then conduct a full examination of the proceedings held below to determine if the appeal is indeed frivolous. If the appellate court determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements or may proceed to a decision on the merits if state law so requires. Id.
 {¶ 5} In the case before us, appointed counsel for appellant has satisfied the requirements set forth in Anders, supra. This court notes further that appellant has not filed a pro se brief or otherwise responded to counsel's request to withdraw. Accordingly, this court shall proceed with an examination of the potential assignment of error set forth by counsel for appellant and the entire record below to determine if this appeal lacks merit and is, therefore, wholly frivolous.
 {¶ 6} Appellant has been incarcerated since January 1999, and has not seen his children since that time. On April 1, 2002, temporary custody of appellant's three children was awarded to LCCS and the children were placed in foster care. LCCS filed a motion for permanent custody of the children on May 9, 2002. At a pre-trial hearing held on July 1, 2002, the children's mother agreed to the permanent surrender of her parental rights and to an award of permanent custody to LCCS. Appellant was conveyed from the correctional institution to the trial court for a permanent custody hearing on September 24, 2002. By judgment entry filed November 6, 2002, the trial court found, inter alia, that appellant was incarcerated at the time the motion for permanent custody was filed, that prior to his current incarceration he had been repeatedly incarcerated for other criminal convictions, that his incarceration prevents him from caring for the children, and that he will continue to be incarcerated for approximately three more years. The trial court concluded that an award of permanent custody of Nicole, Raymond and Courtney K. to LCCS is in the children's best interest.
 {¶ 7} R.C. 2151.414(E) provides:
 {¶ 8} "(E) In determining at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) of section2151.353 * * * of the Revised Code whether a child cannot be placed with either parent within a reasonable period of time or should not be placed with the parents, the court shall consider all relevant evidence. If the court determines, by clear and convincing evidence, * * * that one or more of the following exist as to each of the child's parents, the court shall enter a finding that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent:
 {¶ 9} "* * *
 {¶ 10} "(12) The parent is incarcerated at the time of the filing of the motion for permanent custody or the dispositional hearing of the child and will not be available to care for the child for at least eighteen months after the filing of the motion for permanent custody or the dispositional hearing.
 {¶ 11} "(13) The parent is repeatedly incarcerated, and the repeated incarceration prevents the parent from providing care for the child."
 {¶ 12} Clear and convincing evidence is that proof which establishes in the mind of the trier of fact a firm conviction as to the allegations sought to be proved. Cross v. Ledford (1954), 161 Ohio St. 469.
 {¶ 13} This court has thoroughly reviewed the record of proceedings in the trial court and, upon consideration thereof, we find that there was clear and convincing evidence to support the trial court's decision to award permanent custody of Nicole, Raymond and Courtney K. to appellee LCCS. Accordingly, appellant's sole proposed issue for review is found not well-taken.
 {¶ 14} Upon our own independent review of the record, we find no other grounds for a meritorious appeal. Accordingly, this appeal is found to be without merit and is wholly frivolous. Appellant's counsel's motion to withdraw is found well-taken and is hereby granted. The decision of the Lucas County Court of Common Pleas, Juvenile Division, is affirmed. Costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
Peter M. Handwork, P.J., Richard W. Knepper, J., Judith Ann Lanzinger, J., CONCUR.