DECISION AND JUDGMENT ENTRY
{¶ 1} This matter is before the court on the judgment of the Lucas County Court of Common Pleas wherein, following a plea of guilty pursuant to North Carolina v. Alford (1970), 400 U.S. 25, appellant, Richard Hill, Jr., was found guilty of the offense of having a weapon under disability, a felony of the fifth degree, in violation of R.C.2923.13(A)(3), and sentenced on June 21, 2004 to serve nine months in prison, and was given credit for 116 days for time served. For the reasons set forth below, this court affirms the decision of the trial court.
{¶ 2} Appellant's counsel has submitted a request to withdraw pursuant to Anders v. California (1967), 386 U.S. 738. In support of his request, counsel for appellant states that, after carefully reviewing the transcript and record of proceedings in the trial court, and after researching case law and statutes relating to potential issues, he was unable to find any arguable issues on appeal. Counsel for appellant does, however, set forth the following potential assignment of error:
{¶ 3} "THE TRIAL COURT ERRED WHEN IT FOUND THAT APPELLANT WAS NOT AMENABLE TO COMMUNITY CONTROL PURSUANT TO O.R.C. 2929.12 AND SENTENCED APPELLANT TO NINE (9) MONTHS IN PRISON."
{¶ 4} Anders, supra, and State v. Duncan (1978), 57 Ohio App.2d 93, set forth the procedure to be followed by appointed counsel who desires to withdraw for want of a meritorious, appealable issue. In Anders, the United States Supreme Court held that if counsel, after a conscientious examination of the case, determines it to be wholly frivolous he should so advise the court and request permission to withdraw. Id. at 744. This request, however, must be accompanied by a brief identifying anything in the record that could arguably support the appeal. Id. Counsel must also furnish his client with a copy of the brief and request to withdraw and allow the client sufficient time to raise any matters that he chooses. Id. Once these requirements have been satisfied, the appellate court must then conduct a full examination of the proceedings held below to determine if the appeal is indeed frivolous. If the appellate court determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements or may proceed to a decision on the merits if state law so requires. Id.
{¶ 5} In the case before us, appointed counsel for appellant has satisfied the requirements set forth in Anders, supra. This court notes further that appellant has not filed a pro se brief or otherwise responded to counsel's request to withdraw. Accordingly, this court shall proceed with an examination of the potential assignment of error set forth by counsel for appellant and the record below to determine if this appeal lacks merit and is, therefore, wholly frivolous.
{¶ 6} The potential assignment of error raised in counsel's Anders'
brief concerns whether, in sentencing appellant, the trial court failed to consider the appropriate factors, pursuant to R.C. 2929.12(B) and R.C. 2929.12(D), and whether the trial court properly determined that the minimum sentence would demean the seriousness of the conduct and not adequately protect the public from future crimes. Counsel for appellant states that it is not possible to show that the trial court erred in sentencing appellant in excess of the minimum sentence.
{¶ 7} Upon review of the record and applicable law, we find that the trial court considered all appropriate factors and made all the necessary findings in sentencing appellant. Pursuant to R.C. 2929.12(A), the trial court must consider factors in R.C. 2929.12(B) and (C), regarding the seriousness of appellant's conduct, and the factors in R.C. 2929.12(D) and (E), regarding appellant's likelihood of recidivism. The trial court specifically held that appellant's relationship with the victim facilitated the offense, see R.C. 2929.12(B)(6), which made appellant's conduct more serious than conduct normally constituting the offense. The trial court also held that appellant was likely to commit future crimes because he was under post-release control at the time of the instant offense, he had a history of criminal convictions, and he had not responded favorably to sanctions previously imposed. See R.C.2929.12(D)(1), (2) and (3). None of the factors indicating that appellant's conduct was less serious than conduct normally constituting the offense, or indicating that appellant was not likely to commit future crimes, was present in this case. See R.C. 2929.12(C) and (E).
{¶ 8} Additionally, in accordance with R.C. 2929.13(B)(2)(a), we find that the trial court appropriately found that appellant was not amenable to community control and that a prison term was consistent with the purposes and principles of R.C. 2929.11. The record supports findings that appellant previously was convicted of an offense that caused physical harm to a person, that appellant committed the offense while under a community control sanction, and that appellant committed the offense while in possession of a firearm. See R.C. 2929.12(B)(1)(c), (h) and (i). Moreover, the trial court specifically found that appellant had demonstrated, by habitually driving without a license, that he would ignore court orders and, therefore, was not amenable to community control.
{¶ 9} Finally, because both factors in R.C. 2929.14(B)(1) and (2) are present in this case, we find that the trial court was justified in not imposing the shortest prison term authorized for the offense. Appellant had previously served a prison term. See R.C 2929.14(B)(1). Also, because the trial court found that the seriousness of the offense was enhanced, pursuant to R.C. 2929.12(B), and that appellant was likely to recidivate, pursuant to R.C. 2929.12(D), we find that the trial court's finding that the minimum sentence would demean the seriousness of the offense and not adequately protect the public from future crime was supported by the record. See 2929.14(B)(2). Accordingly, we find that counsel for appellant correctly determined that there was no meritorious appealable issues present in this case concerning sentencing.
{¶ 10} Upon our own independent review of the record, we find no other grounds for a meritorious appeal. This appeal is, therefore, found to be without merit and is wholly frivolous. Appellant's counsel's motion to withdraw is found well-taken and is hereby granted.
{¶ 11} The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal for which sum judgment is rendered against appellant on behalf of Lucas County and for which execution is awarded. See App.R. 24.
Judgment affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Skow, J., Parish, J., concur.