DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of conviction and sentence entered by the Lucas County Court of Common Pleas after defendant-appellant, Robert Alexander, pled no contest to one count of aggravated vehicular homicide.
 {¶ 2} Appellant's appointed counsel has submitted a request to withdraw as counsel pursuant to Anders v. California (1967), 386 U.S. 738. In support of his request, counsel for appellant states that after carefully reviewing the record on appeal and researching statutory and case law, he has been unable to find any meritorious issues for appellate review. Counsel for appellant has, however, consistent with Anders, set forth the following potential assignments of error:
 {¶ 3} "First Proposed Assignment of Error:
 {¶ 4} "The trial court erred by imposing an excessive sentence regarding incarceration.
 {¶ 5} "Second Proposed Assignment of Error:
 {¶ 6} "The trial court erred by permanently revoking the appellant's driving privileges."
 {¶ 7} Anders, supra and State v. Duncan (1978), 57 Ohio App.2d 93, set forth the procedure to be followed by appointed counsel who desires to withdraw for want of a meritorious, appealable issue. In Anders, supra at 744, the United States Supreme Court held that if counsel, after a conscientious examination of the case, determines it to be wholly frivolous he should so advise the court and request permission to withdraw. This request, however, must be accompanied by a brief identifying anything in the record that could arguably support the appeal. Id. Counsel must also furnish his client with a copy of the brief and request to withdraw and allow the client sufficient time to raise any matters that he chooses. Id. Once these requirements have been satisfied, the appellate court must then conduct a full examination of the proceedings held below to determine if the appeal is indeed frivolous. If the appellate court determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements or may proceed to a decision on the merits if state law so requires. Id.
 {¶ 8} In the case before us, appointed counsel for appellant has satisfied the requirements set forth in Anders. This court notes further that appellant has not filed a pro se brief or otherwise responded to counsel's request to withdraw. Accordingly, this court shall proceed with an examination of the potential assignments of error set forth by counsel for appellant and of the entire record below to determine if this appeal lacks merit and is, therefore, wholly frivolous.
 {¶ 9} On August 18, 2003, appellant was indicted and charged with one count of aggravated vehicular homicide in violation of R.C. 2903.06(A)(1), (B) and (C), a felony of the second degree. The indictment was filed as a result of a traffic accident on August 10, 2003, in which Jason Scheuerman, who was driving a motorcycle, was twice hit from behind and then run over by appellant, who was driving a car while under the influence of alcohol. After the accident, appellant's breath alcohol content was determined to be .243, over three times the legal limit. Appellant initially entered a not guilty plea to the charge, but on January 27, 2004, appellant withdrew his not guilty plea and, pursuant to a plea agreement, entered a no contest plea to the indictment. As part of the plea agreement, the state agreed to recommend to the court that appellant serve a maximum sentence of five years incarceration. At the plea hearing, the court questioned appellant regarding his understanding of the plea. The court further informed appellant that the offense carried with it a mandatory term of incarceration of two, three, four, five, six, seven or eight years, and a mandatory lifetime driver's license suspension. The court also fully explained the meaning of the term "mandatory" as it is used in the sentencing statutes. Appellant acknowledged his understanding of the term, of the ramifications of the plea and of the potential sentence his faced. The court then referred the matter to the probation department for a presentence investigation and report and scheduled the case for sentencing.
 {¶ 10} On March 2, 2004, the case came before the lower court for sentencing. After taking statements from appellant's trial counsel, appellant, the prosecutor, and the victim's mother, and indicating that he had received over 40 letters from the family and friends of both the victim and appellant, the court sentenced appellant to three years mandatory incarceration and a permanent, lifetime suspension of his driver's license. In pronouncing sentence, the court noted that it had considered the principles and purposes of sentencing, to punish appellant and to protect the public from future crime by appellant, and had considered appellant's lack of a serious criminal record, his work history, his prior driving record and his prior alcohol-related offenses. The court also expressly considered appellant's genuine remorse, his character and the fact that he suffers from a terminal illness. In addition, the court considered the tragic loss of the 23 year old victim and the effect that that loss has had on his family and friends. The court then expressly found, pursuant to R.C. 2929.14(B), that the minimum sentence would demean the seriousness of the offense and would not adequately protect the public. On March 4, 2004, the lower court filed a judgment entry reflecting its sentence. It is from that judgment that appellant now appeals.
 {¶ 11} In his first proposed assignment of error, appellant questions whether the sentence imposed upon him by the trial court was excessive.
 {¶ 12} Appellant was convicted of aggravated vehicular homicide, a second degree felony. He was therefore subject to a mandatory term of imprisonment of two, three, four, five, six, seven or eight years. R.C.2929.14(A)(2); R.C. 2903.06(E). That is, the court was statutorily required to sentence appellant to a term of imprisonment. R.C. 2929.13(F). The only discretion the court had was in determining the number of years appellant would serve. In exercising that discretion, the court was required to evaluate the seriousness and recidivism factors set forth in R.C. 2929.12. The record demonstrates that the court did consider the relevant factors from that statute. Finally, because the court was required to impose a prison term on appellant, the court was required to impose the shortest prison term authorized for the offense unless it found that appellant was serving or had previously served a prison term at the time of the offense or the court found that the shortest prison term would demean the seriousness of appellant's conduct or would not adequately protect the public from future crime by appellant and others. R.C. 2929.14(B). In the present case, the lower court found that the shortest prison term would demean the seriousness of the offense and would not adequately protect the public. Accordingly, the trial court complied with the applicable sentencing statutes in sentencing appellant and the first proposed assignment of error is not well-taken.
 {¶ 13} In his second proposed assignment of error, appellant questions whether the trial court erred in permanently revoking his driving privileges.
 {¶ 14} R.C. 2903.06 (B)(2)(b) reads:
 {¶ 15} "In addition to any other sanctions imposed pursuant to division (B)(2)(a) of this section for aggravated vehicular homicide committed in violation of division (A)(1) of this section, the court shall permanently revoke the offender's driver's license * * * pursuant to section 4507.16 of the Revised Code."
 {¶ 16} Accordingly, the permanent driver's license revocation is mandated by statute and the lower court had no discretion in the matter. The second proposed assignment of error is not well-taken.
 {¶ 17} Upon our own independent review of the record, we find no other grounds for a meritorious appeal. This appeal is therefore found to be without merit and is wholly frivolous. Appellant's counsel's motion to withdraw is found well-taken and is hereby granted. The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal for which sum judgment is rendered against appellant on behalf of Lucas County and for which execution is awarded. See App.R. 24.
Judgment affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Pietrykowski, J., Skow, J., Parish, J., concur.