DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Erie County Court of Common Pleas that found appellant guilty of six drug offenses and imposed a sentence totaling eight years. For the following reasons, this court affirms the judgment of the trial court.
 {¶ 2} Appointed counsel Laura A. Perkovic has submitted a request to withdraw pursuant to Anders v. California (1967),386 U.S. 738. In support of her request, counsel for appellant states that, after reviewing the record of proceedings in the trial court, she was unable to find any appealable issues. Counsel for appellant does, however, set forth the following proposed assignment of error:
 {¶ 3} "The trial court abused its discretion when it imposed two four-year prison terms consecutively upon the defendant-appellant."
 {¶ 4} A review of the record reveals the following facts. On September 10, 2004, appellant entered guilty pleas to six counts of a twelve-count indictment. Appellant pled guilty to: Count 2, preparation of marijuana for sale, in violation of R.C.2925.03(A)(2) and 2925.03(C)(3)(c); Count 3, aggravated possession of drugs, in violation of R.C. 2925.11(A) and2925.11(C)(1)(a); Count 6, preparation of cocaine for sale, in violation of R.C. 2925.03(A)(2) and 2925.03(C)(4)(d); Count 7, aggravated possession of drugs, in violation of R.C. 2925.11(A) and 2925.11(C)(1)(c); Count 9, aggravated possession of drugs, in violation of R.C. 2925.11(A) and 2925.11(C)(2)(b); and Count 12, preparation of crack cocaine for sale, in violation of R.C.2925.03(A)(2) and 2925.03(C)(4)(d). The trial court accepted appellant's pleas and imposed the following sentences. As to Count 2, four years; Count 3, ten months; Count 6, four years; Count 7, four years; Count 9, seventeen months; Count 12, four years. The sentences for Counts 2, 3 and 9 were ordered to run concurrently with each other for a total of four years. The sentences for Counts 6, 7 and 12 were ordered to run concurrently with each other for another total of four years, but consecutive to the four years ordered for the first three counts. This sentence was ordered to run concurrently with a sentence previously imposed in Ottawa County. Appellant's driver's license was suspended for five years on each count, with the suspensions to run concurrently. An automobile, cash and other miscellaneous items were seized and forfeited. The judgment entry also reflects that the state agreed that appellant was to be placed on judicial release after five years.
 {¶ 5} Anders, supra, and State v. Duncan (1978),57 Ohio App.2d 93, set forth the procedure to be followed by appointed counsel who desires to withdraw for want of a meritorious, appealable issue. In Anders, the United States Supreme Court held that if counsel, after a conscientious examination of the case, determines it to be wholly frivolous he should so advise the court and request permission to withdraw. Id. at 744. This request, however, must be accompanied by a brief identifying anything in the record that could arguably support the appeal. Id. Counsel must also furnish his client with a copy of the brief and request to withdraw and allow the client sufficient time to raise any matters that he chooses. Id. Once these requirements have been satisfied, the appellate court must then conduct a full examination of the proceedings held below to determine if the appeal is indeed frivolous. If the appellate court determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements or may proceed to a decision on the merits if state law so requires. Id.
 {¶ 6} In the case before us, appointed counsel for appellant has satisfied the requirements set forth in Anders, supra. This court notes further that appellant was notified by counsel of his right to file an appellate brief on his own behalf; however, no such brief was filed. Accordingly, this court shall proceed with an examination of the potential assignments of error set forth by counsel for appellant and the entire record below to determine if this appeal lacks merit and is, therefore, wholly frivolous.
 {¶ 7} As her sole proposed assignment of error, counsel for appellant suggests the trial court abused its discretion by ordering two consecutive prison terms. A trial court may not impose consecutive sentences for multiple offenses unless it finds the existence of three factors set forth in R.C.2929.14(E)(4). Pursuant to that statute, the trial court must find that consecutive sentences are necessary to protect the public from future crime or to punish the offender, and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. In addition to those two findings, the trial court must also find one of the following: the offender committed the multiple offenses while awaiting trial or sentencing, while under a sanction imposed or while under post-release control for a prior offense; the harm caused by the multiple offenses was so great or unusual that no single prison term would adequately reflect the seriousness of the offender's conduct; or the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. R.C. 2929.14(E)(4)(a) through (c). Further, when imposing consecutive sentences, the trial court must comply with R.C. 2929.19(B), which governs the sentencing hearing. R.C. 2929.19(B)(2)(c) provides that the sentencing court shall make a finding that gives its reasons for selecting consecutive sentences. Pursuant to State v. Comer,99 Ohio St.3d 463, 2003-Ohio-4165, the trial court must make these findings orally at the sentencing hearing and must give its reasons in support of the findings at the hearing.
 {¶ 8} This court has carefully reviewed the record of proceedings in the trial court. The trial court reviewed appellant's rather extensive history of juvenile delinquency adjudications and his adult criminal history, noting that appellant did not respond to any of the sanctions previously imposed on him. The trial court stated in relevant part that: "* * * You are not entitled to the shortest prison term because you've previously served a prison term. Consecutive sentences are necessary to protect society from future crimes and to punish you for your criminal activity. The consecutive sentences are not disproportionate to the seriousness of your criminal conduct and the danger that you pose to society. Your history of criminal conviction has shown and demonstrate that consecutive sentences are necessary. And some of these offenses were committed while you were on bond from Ottawa County. And that's the reason the Court has imposed the sentences that it has imposed."
 {¶ 9} Upon consideration of the foregoing, this court finds the trial court fully complied with the requirements of R.C.2929.14(B)(2)(c) and (E)(4) for the imposition of consecutive sentences. We further note that sentence was imposed precisely as recommended by the state and agreed to by appellant at the time of sentencing. Accordingly, we find that the trial court did not err by imposing consecutive sentences and appellant's sole proposed assignment of error is without merit.
 {¶ 10} Upon our own independent review of the record, we find no other grounds for a meritorious appeal. Accordingly, this appeal is found to be without merit and is wholly frivolous. Appellant's counsel's motion to withdraw is found well-taken and is hereby granted. The decision of the Erie County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Erie County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Singer, P.J. SKOW, J. Parish, J. concur.