DECISION AND JUDGMENT ENTRY
{¶ 1} This matter comes on appeal from the Sandusky Court of Common Pleas, wherein appellant, James L. Hess, was convicted of receiving stolen property, a felony of the fifth degree and a violation of R.C. 2913.51.
 {¶ 2} Appellant's counsel has submitted a request to withdraw pursuant to Anders v. California (1967), 386 U.S. 738,87 S.Ct. 1396, 18 L.Ed.2d 493. In support of his request, counsel for appellant states that, after carefully reviewing the transcript and record of proceedings in the trial court, and after researching case law and statutes relating to potential issues, he was unable to find any arguable issues on appeal. Counsel for appellant does, however, set forth the following potential assignment of error:
 {¶ 3} "Did the trial court make the necessary statutory finding on the record and was the sentence term properly imposed on the Defendant/Appellant for the crime of receiving stolen property?"
 {¶ 4} Anders, supra, and State v. Duncan (1978),57 Ohio App.2d 93, set forth the procedure to be followed by appointed counsel who desires to withdraw for want of a meritorious, appealable issue. In Anders, the United States Supreme Court held that if counsel, after a conscientious examination of the case, determines it to be wholly frivolous he should so advise the court and request permission to withdraw. Id. at 744. This request, however, must be accompanied by a brief identifying anything in the record that could arguably support the appeal. Id. Counsel must also furnish his client with a copy of the brief and request to withdraw and allow the client sufficient time to raise any matters that he chooses. Id. Once these requirements have been satisfied, the appellate court must then conduct a full examination of the proceedings held below to determine if the appeal is indeed frivolous. If the appellate court determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements or may proceed to a decision on the merits if state law so requires. Id.
 {¶ 5} In the case before us, appointed counsel for appellant has satisfied the requirements set forth in Anders, supra. Accordingly, this court shall proceed with an examination of the potential assignment of error set forth by counsel for appellant and the entire record below to determine if this appeal lacks merit and is, therefore, wholly frivolous.
 {¶ 6} On December 13, 2004, appellant was indicted on two counts of receiving stolen property, felonies of the fourth and fifth degree respectively. Pursuant to a plea agreement, appellant entered a no contest plea to the fifth degree felony and the other charge was dismissed. On November 14, 2005, appellant was sentenced to 11 months in prison.
 {¶ 7} The potential assignment of error raised in counsel'sAnders brief concerns whether, in sentencing appellant, the trial court should have imposed prison time. Counsel contends that there is a presumption against imposing prison time for a fifth degree felony unless a court finds that one of the R.C.2929.13 factors exists to overcome the presumption. Counsel bases his potential assignment of error on R.C. 2929.13(B)(1) which sets forth guidelines for sentencing offenders convicted of fifth degree felonies. R.C. 2929.13(B)(1) provides in pertinent part:
 {¶ 8} "(B)(1) Except as provided in division (B)(2), (E), (F), or (G) of this section, in sentencing an offender for a felony of the fourth or fifth degree, the sentencing court shall determine whether any of the following apply:
 {¶ 9} "* * *
 {¶ 10} "(g) The offender at the time of the offense was serving, or the offender previously had served, a prison term."
 {¶ 11} On February 27, 2006, the Ohio Supreme Court decidedState v. Foster (2006), 109 Ohio St.3d 1, 2006-Ohio-856, which found portions of Ohio's sentencing scheme unconstitutional as violative of the Sixth Amendment principles set forth in Blakelyv. Washington (2004), 542 U.S. 296, and Apprendi v. New Jersey
(2000), 530 U.S. 466. In Foster, the Ohio Supreme Court reviewed R.C. 2929.13 to determine whether it violated Blakelyv. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403. The Court determined that R.C. 2929.13 does not violate Blakely.Foster, at ¶ 69. After determining that the statute was constitutional, the Court analyzed the findings discussed in the statute. The Ohio Supreme Court found that R.C. 2929.13 "does not prevent a court from imposing a prison term without [the] findings [of R.C. 2929.13]."Id. The court held that "[t]here is no presumption in favor of community control [.]" Id. "R.C.2929.13(B)(2)(a) would permit a judge to impose prison rather than community control without R.C. 2929.13(B) findings. "Id. at ¶ 70. Foster gives the trial court discretion under R.C.2929.13 when determining whether to impose prison or community control when sentencing offenders on fourth or fifth degree felonies.
 {¶ 12} In this case, as counsel acknowledges, the trial court did find on the record that appellant had previously served a prison sentence. Under Foster, this finding is unnecessary. Finding no abuse of discretion in the court's sentence, counsel's potential assignment of error is not well-taken.
 {¶ 13} Upon our own independent review of the record, we find no other grounds for a meritorious appeal. This appeal is, therefore, found to be without merit and is wholly frivolous. Appellant's counsel's motion to withdraw is found well-taken and is hereby granted. The judgment of the Sandusky County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Sandusky County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Pietrykowski, J. Singer, P.J. Parish, J. concur.