DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Sandusky County Court of Common Pleas. Appellant was found guilty of one count of violation of a protection order, in violation of R.C. 2919.27(A)(1) and (B)(3), a fifth degree felony. Appellant was sentenced to nine months incarceration. For the reasons set forth below, this court affirms the judgment of the trial court.
 {¶ 2} Counsel for appellant submitted a request to withdraw pursuant to Anders v. California (1967), 386 U.S. 738, 87 S.Ct. 1396. In support of her Anders' request to withdraw, counsel states that, after reviewing the record of proceedings in the trial court, she is unable to find any arguable issues on appeal. In conjunction with Anders, counsel for appellant sets forth the following proposed assignment of error:
 {¶ 3} "Potential Assignment of error
 {¶ 4} "The trial court erred to the prejudice of the defendant/appellant by sentencing him to serve nine months in prison rather than community control on a felony of the fifth degree."
 {¶ 5} Anders, supra, and State v. Duncan (1978), 57 Ohio App.2d 93, detailed the procedure to be followed by appointed counsel who wishes to withdraw upon determining there is a lack of a meritorious, appealable issue. In Anders, the United States Supreme Court held that if counsel, after conscientious examination of the case, believes any appeal to be wholly frivolous, he should so advise the court and request permission to withdraw. Id. at 744.
 {¶ 6} This request to withdraw must be accompanied by a brief identifying anything in the record that could arguably support an appeal. Id. Counsel must furnish his client with a copy of the brief and request to withdraw. Id. Once these requirements have been satisfied, the appellate court then conducts a full examination of the proceedings held below to determine if the appeal is frivolous. If the appeal is frivolous, the appellate court may grant counsel's request to withdraw and dismiss the appeal without violation constitutional requirements or may proceed to a decision on the merits. Id.
 {¶ 7} In the case before us, appointed counsel for appellant has satisfied the requirements set forth in Anders, supra. Accordingly, we shall proceed with an examination of the potential assignment of error set forth by counsel for appellant, review the record from below, and determine if this appeal is meritorious.
 {¶ 8} The following undisputed facts are relevant to the issue raised on appeal. In 2001, appellant, Francisco Salazar, divorced the party granted protection by the underlying protection order, Sylvia Salazar. The parties share three children, ages 20, 17, and 9. Sylvia Salazar secured a civil protection order against appellant during the period of the divorce. The protection order was granted in response to issues of domestic violence. The provision of the protection order relevant to this case barred appellant from entering the family residence.
 {¶ 9} In January 2005, appellant violated the protection order. Appellant was convicted and served a term of incarceration. On January 20, 2006, appellant again violated the protection order. Appellant was inside the premises in contravention of the terms of the protection order. Appellant was discovered seated inside the residence and smelling of alcohol when the responding officers arrived.
 {¶ 10} In March 2006, appellant was indicted on one fifth degree felony count of violation of protection order pursuant to R.C.2919.27(A)(1) and (B)(3). On March 17, 2006, appellant was arraigned and counsel was appointed. On April 12, 2006, the matter proceeded to jury trial. On April 13, 2006, appellant was found guilty of a repeat violation of the protection order and sentenced to serve a term of nine months incarceration. A timely notice of appeal was filed.
 {¶ 11} In the sole potential assignment of error, appellant argues that the trial court erred in sentencing him to nine months incarceration in lieu of releasing him on community control.
 {¶ 12} We have carefully reviewed the record of proceedings in this matter. During trial, unsupported testimony was given that at the time of his arrest appellant claimed he was unaware that he was breaking the law. Appellant told the responding officers he mistakenly believed that the protection order was not in effect. Regardless of the lack of legal relevance, no supporting evidence regarding appellant's purported misimpression was furnished.
 {¶ 13} We note appellant's violation of the same order one year earlier which resulted in appellant serving a term of incarceration should have served as an effective reminder of the validity of the protection order between the parties.
 {¶ 14} The uncontroverted evidence in this case establishes that appellant went inside premises from which he was lawfully barred on January 20, 2006. Appellant had previously been convicted of violating the same protection order. Appellant violated R.C. 2919.27 (A)(1) and (B)(3). Nothing in Ohio's mandatory sentencing guidelines dictates that the trial court was required to place appellant on community control rather than impose incarceration in sentencing appellant.
 {¶ 15} The ample evidence of guilt, recidivism, and lack of mandatory factfinding requirements for sentencing, all demonstrate that the trial court did not breach Ohio's sentencing statutory scheme or prejudice appellant in imposing a term of incarceration upon appellant.
 {¶ 16} This court has conducted a full examination of the record of proceedings and has determined that this appeal is wholly frivolous. The sole assignment of error is not well-taken.
 {¶ 17} The judgment of the Sandusky County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Sandusky County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J.
Mark L. Pietrykowski, P.J.
Thomas J. Osowik, J.
CONCUR.