DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of conviction and sentence for robbery entered on a no contest plea in the Lucas County Court of Common Pleas.
 {¶ 2} Appellant is Rodney Dean Wahl, Jr. On the morning of December 18, 2005, at the end of what he described as a week-long crack cocaine binge, appellant attempted to snatch a purse from a woman entering a west Toledo Kroger store. The woman resisted. When the strap on the purse broke, appellant fled into the parking lot pursued by other shoppers who eventually caught and detained him until police arrived.
 {¶ 3} Appellant was arrested and eventually named in a single count indictment charging him with attempted robbery, a third degree felony. He initially pled not guilty, but later changed his plea to no contest in return for the prosecutor's recommendation of a two year sentence.
 {¶ 4} The trial court accepted appellant's plea, found him guilty and sentenced him to a three year term of imprisonment. From this judgment of conviction and sentence, appellant now brings this appeal.
 {¶ 5} Appellant's counsel has submitted a requested to withdraw, pursuant to Anders v. California (1967), 386 U.S. 738. In support of his request, counsel states that he has reviewed the record of the proceedings in the trial court, but was unable to identify any arguable meritorious issues for appeal. Pursuant to Anders, counsel has filed a brief in which he discussed two areas which he considered, but rejected, as potential assignments of error. Counsel sets forth the following two potential assignments of error:
 {¶ 6} "First proposed assignment of error
 {¶ 7} "The trial court erred in accepting appellant's plea of no contest because it was not made knowingly, intelligently, and voluntarily.
 {¶ 8} "Second proposed assignment of error
 {¶ 9} "The trial court erred by imposing an excessive sentence of incarceration."
 {¶ 10} The procedure to be followed by appointed counsel who desires to withdraw for want of a meritorious, appealable issue is set forthm Anders, supra and State v. Duncan (1978), 57 Ohio App.2d 93, 385
N.E.2d 323 . In Anders, the United States Supreme Court held that if counsel, after a conscientious examination of the case, determines it to be wholly frivolous he should so advise the court and request permission to withdraw. Id. at 744 . This request, however, must be accompanied by a brief identifying anything in the record that could arguably support the appeal. Id. Counsel must also furnish his client with a copy of the brief and request to withdraw and allow the client sufficient time to raise any matters that he chooses. Id. Once these requirements have been satisfied, the appellate court must then conduct a full examination of the proceedings held below to determine if the appeal is indeed frivolous. If the appellate court determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements or may proceed to a decision on the merits if state law so requires. Id.
 {¶ 11} In this case, appointed counsel for appellant has satisfied the requirements set forth in Anders, supra. This court notes further that appellant has not filed a pro se brief or otherwise responded to counsel's request to withdraw. Accordingly, this court shall proceed with an examination of the potential assignments of error set forth by counsel for appellant and the entire record below to determine if this appeal lacks merit and is, therefore, wholly frivolous.
 {¶ 12} We have carefully examined the plea colloquy in this matter and concur with appellant's counsel that appellant's plea was made in full conformity with Crim.R. 11 and that there was no indicia that the plea was other than knowing, intelligently and voluntarily entered.
 {¶ 13} With respect to sentencing, appellant was properly advised in advance of entering his plea that the court was not bound by the prosecutor's recommendation and that the actual sentence imposed could be greater than that recommended. Moreover, appellant's lengthy juvenile and adult criminal record amply supports the court's conclusion that a three year term of incarceration was necessary to satisfy the purposes and principles of felony sentencing as articulated in R.C. 2929.11. Thus, we concur with appellant's counsel that the trial court did not err in sentencing.
 {¶ 14} Accordingly, both of appellant's counsel's potential assignments of error are without merit.
 {¶ 15} Upon our own independent review of the record, we find no other grounds for a meritorious appeal. Accordingly, this appeal is found to be without merit and wholly frivolous. Counsel's motion to withdraw is found well-taken and is, hereby, granted. The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Mark L. Pietrykowski, P.J.
Arlene Singer, J.
William J. Skow, J.
CONCUR.