DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a sentence of the Lucas County Court of Common Pleas. Following jury trial, appellant was found guilty on one count of possession of crack cocaine, in violation of R.C. 2925.11(A), and one count of trafficking in cocaine, in violation of R.C.2925.03(A)(2). *Page 2 
 {¶ 2} Following the conviction, appellant was sentenced to serve two mandatory three year terms of incarceration. The terms were ordered to be served concurrently. For the reasons set forth below, this court affirms the judgment of the trial court.
 {¶ 3} Counsel for appellant submitted a request to withdraw pursuant to Anders v. California (1967), 386 U.S. 738. In support of hisAnders request to withdraw, counsel states that after reviewing the record of proceedings in the trial court, he is unable to find any arguable issues on appeal. In conjunction with Anders, counsel for appellant sets forth the following "proposed assignment of error."
 {¶ 4} "First Proposed Assignment of Error
 {¶ 5} "The trial court erred and abused its discretion by imposing an unduly harsh sentence."
 {¶ 6} Anders, supra, and State v. Duncan (1978), 57 Ohio App.2d 93, detailed the procedure to be followed by appointed counsel who wishes to withdraw upon determining there is a lack of meritorious, appealable issues. In Anders, the United States Supreme Court held that if counsel, after conscientious examination of the case believes any appeal to be wholly frivolous, he should so advise the court and request permission to withdraw. Id. at 744.
 {¶ 7} This request to withdraw must be accompanied by a brief identifying anything in the record that could arguably support the appeal. Id. Counsel must furnish his client with a copy of the brief and request to withdraw to allow the client sufficient time to raise any matters that he or she chooses. Id. *Page 3 
 {¶ 8} Once these requirements have been satisfied, the appellate court then conducts a full examination of the proceedings held below to determine if the appeal is frivolous. If the appeal is frivolous, the appellate court may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements or may proceed to a decision on the merits. Id.
 {¶ 9} In the case before us, counsel for appellant has satisfied the requirements set forth in Anders, supra. The record shows that appellant has been furnished the requisite notice of the Anders filings, has been informed of his opportunity to submit a pro se brief, and has not filed an additional brief. Accordingly, this court shall proceed with an examination of the proposed assignment of error set forth by counsel for appellant and examine the record from below to determine if this appeal lacks merits and is, therefore, wholly frivolous.
 {¶ 10} The following undisputed facts are relevant to the issue raised on appeal. During the early morning hours of July 16, 2005, a Sylvania Township officer was on patrol in the vicinity of the St. James trailer park on Bancroft Street.
 {¶ 11} The patrol officer observed a motor vehicle exit the trailer park and travel down Bancroft Street, crossing the McCord intersection. The officer observed the vehicle commit several traffic law violations, prompting the officer to initiate a traffic stop.
 {¶ 12} Appellant, the front seat passenger in the vehicle, was discovered in possession of a crack pipe. In addition, approximately seven and one-half grams of *Page 4 
cocaine were discovered in the passenger side of the vehicle where appellant had been located. The vehicle was registered to Heinlin Packaging Service, a business owned by appellant's family.
 {¶ 13} On September 13, 2005, appellant was indicted with one count of possession of crack cocaine and one count of trafficking in cocaine, both felonies of the third degree. Counsel was appointed to represent appellant on September 22, 2005. Two independent psychological evaluations were ordered on appellant to assure his competency to stand trial. Appellant was deemed competent to stand trial.
 {¶ 14} Plea bargain proposals offered to appellant entailing no mandatory sentencing were summarily rejected by him. Jury trial commenced on June 7, 2006, and concluded on June 8, 2006. On June 8, 2006, the jury found appellant guilty of both felony drug indictments against him. The trial court referred appellant's case to the probation department for a presentencing investigation and report. Sentencing was scheduled for July 13, 2006.
 {¶ 15} On July 13, 2006, the trial court sentenced appellant. The record shows that the trial court thoroughly explained on the record all of the aggravating and mitigating considerations it weighed in crafting an appropriate sentence for appellant. The trial court also gave consideration to the presentence report and all other information in the court's possession prior to sentencing.
 {¶ 16} The record shows that appellant had a lengthy criminal history spanning several decades, including numerous drug related offenses. The record shows that *Page 5 
despite overwhelming objective factual evidence against him, appellant persistently refused to accept responsibility or accountability for his actions. Appellant adamantly denied any wrongdoing.
 {¶ 17} Despite ample aggravating circumstances, and minimal mitigating circumstances, the trial court sentenced appellant to two three-year terms of incarceration to be served concurrently to one another. The record shows various facts which could have reasonably supported more severe sanctions being imposed upon appellant. Nevertheless, appellant asserts that his sentence was "unduly harsh."
 {¶ 18} We have carefully reviewed the record of proceedings from below. We find no objective factual evidence in the record to support this contention. We find appellant's proposed assignment of error without merit.
 {¶ 19} Upon our review of the record, we find no other grounds for a meritorious appeal. Accordingly, this appeal is found to be without merit and is wholly frivolous. Appellant's counsel's motion to withdraw is found well-taken and is hereby granted. The judgment of the Lucas County Court of Common Pleas is affirmed.
 {¶ 20} Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerks' expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
 JUDGMENT AFFIRMED. *Page 6 
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4. *Page 1