DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of conviction and sentence entered by the Sandusky County Court of Common Pleas after defendant-appellant, Gerald J. Witt, entered a plea of guilty to one count of breaking and entering in violation of R.C. 2911.13(A), a fifth degree felony.
 {¶ 2} Appellant's appointed counsel has submitted a request to withdraw as counsel pursuant to Anders v. California (1967),386 U.S. 738. Counsel for appellant asserts that after having reviewed the entire record on appeal and researching case and *Page 2 
statutory law, he is unable to find any non-frivolous issue for appeal. Counsel for appellant has, however, consistent with Anders, set forth the following potential assignment of error for our review:
 {¶ 3} "Whether the trial court erred as a matter of law by sentencing the defendant to a maximum sentence of twelve months incarceration on a single conviction for a felony of the fifth degree."
 {¶ 4} Anders, supra and State v. Duncan (1978), 57 Ohio App.2d 93, set forth the procedure to be followed by appointed counsel who desires to withdraw for want of a meritorious, appealable issue. In Anders, supra at 744, the United States Supreme Court held that if counsel, after a conscientious examination of the case, determines it to be wholly frivolous he should so advise the court and request permission to withdraw. This request, however, must be accompanied by a brief identifying anything in the record that could arguably support the appeal. Id. Counsel must also furnish his client with a copy of the brief and request to withdraw and allow the client sufficient time to raise any matters that he chooses. Id. Once these requirements have been satisfied, the appellate court must then conduct a full examination of the proceedings held below to determine if the appeal is indeed frivolous. If the appellate court determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements or may proceed to a decision on the merits if state law so requires. Id.
 {¶ 5} In the case before us, appointed counsel for appellant has satisfied the requirements set forth in Anders. This court notes further that appellant has not filed a *Page 3 
pro se brief or otherwise responded to counsel's request to withdraw. Accordingly, this court shall proceed with an examination of the potential assignment of error set forth by counsel for appellant and of the entire record below to determine if this appeal lacks merit and is, therefore, wholly frivolous.
 {¶ 6} On May 10, 2006, appellant entered a plea of guilty to one count of breaking and entering, a fifth degree felony. In exchange for his plea, the state agreed to dismiss a charge of receiving stolen property and agreed not to proceed on two pending fifth degree felony drug charges. A hearing on appellant's sentence was continued several times due to appellant's health problems. Then, on April 26, 2007, the case finally proceeded to sentencing. In sentencing appellant to the maximum term of 12 months incarceration, the court noted appellant's lengthy criminal history of 34 convictions, including six felonies, and further noted that appellant had been placed on parole several times with parole being revoked several times. Given his record, the court determined that appellant was not a fit subject for "probation."
 {¶ 7} Pursuant to State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, paragraph seven of the syllabus, "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." In the present case, the trial court sentenced appellant to the maximum term of incarceration for a fifth degree felony, 12 months. Upon a review of the record, we cannot say that the court abused its discretion in that regard and the proposed assignment of error is not well-taken. *Page 4 
 {¶ 8} Upon our own independent review of the record, we find no other grounds for a meritorious appeal. This appeal is therefore found to be without merit and is wholly frivolous. Appellant's counsel's motion to withdraw is found well-taken and is hereby granted. The judgment of the Sandusky County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Sandusky County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J., Mark L. Pietrykowski, P.J., Arlene Singer, J., concur. *Page 1