THE STATE OF OHIO, APPELLEE, *v.* DUNCAN, APPELLANT.

[Cite as State v. Duncan (1978), 57 Ohio App. 2d 93.]

(No. 38721—Decided May 12, 1978.)

*Mr. John T. Corrigan,* prosecuting attorney, and *Mr. De Louis Broughton,* for appellee.

*Mr. Donald S. Tittle,* for appellant.

DAY, P. J. Defendant's appointed counsel has filed an application to withdraw relying on *Anders* v. *California* (1967), 386 U. S. 738. The accompanying brief ("Assertions of Error") makes only a general reference to the record. Apparently counsel relies on this court to read the record. The "assertions of error" were served on the defendant. The state moved to dismiss because of appellate rule violations.

I.

*Principle*

"The constitutional requirement of substantial equality and fair process can only be attained where counsel acts in the role of an active advocate in behalf of his client, as opposed to that of amicus curiae." *Anders* v. *California,* 386 U. S. at 744.

II.

*Procedure*

(1) If a case is deemed wholly frivolous, counsel should advise the court and request permission to withdraw, *Anders* v. *California, id.*

(2) The request to withdraw must "be accompanied

by a brief referring to anything in the record that might arguably support the Appeal," *Anders* v. *California, id.*.

(3) Copy of counsel's brief should be furnished the indigent and time allowed for him to raise any points that he chooses, *Anders* v. *California, id.*

(4) The court then undertakes a full examination of proceedings to decide whether the case is wholly frivolous, *Anders* v. *California, id.*

(5) If found wholly frivolous, the court may

(a) grant counsel's request to withdraw and dismiss the appeal without violating federal requirements, *Anders* v. *California, id.*;

(b) proceed to decision on the merits, if state law so requires.

(6) If it is found that any legal points are "arguable on the merits," then the court must afford the indigent "the assistance of counsel to argue the appeal," *Anders* v. *California id.*

### III.
#### *Procedural Faults in the Instant Case*

An examination of the "Assertions of Error" filed by appointed counsel for the indigent defendant reveals nothing to indicate that counsel complied with subparagraph (2) under II by filing an adequate *Anders* brief. Hence, the service made pursuant to the principle of subparagraph (3) of II was inadequate because the brief was inadequate.

### IV.
#### *Disposition*

Accordingly, counsel is directed to come into compliance with his *Anders* obligations in order that this court may proceed to discharge its responsibility under the *Anders* requirements.

Appellant's request to withdraw is denied pending further processing in accordance with this opinion.

*Motion overruled.*

JACKSON and PATTON, JJ., concur.