DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Lucas County Court of Common Pleas that found appellant to be a sexually oriented offender pursuant to R.C. 2950.09. For the reasons that follow, this court affirms the judgment of the trial court.
Appointed counsel Edward J. Fisher has submitted a request to withdraw pursuant to Anders v. California (1967), 386 U.S.
In support of his request, counsel for appellant states that, after reviewing the record of proceedings in the trial court, he was unable to find any appealable issues. Counsel for appellant does, however, set forth the following potential assignments of error:
"First Proposed Assignment of Error:
 "Whether, due to the statute of limitations upon criminal prosecutions, as found in O.R.C. 2901.13 and the existence of a completed plea agreement, the trial court was barred from applying the provisions of House Bill 180.
"Second Proposed Assignment of Error:
 "Whether the appellant was prejudiced by the ineffective assistance of counsel."
Anders, supra, and State v. Duncan (1978), 57 Ohio App.2d 93 set forth the procedure to be followed by appointed counsel who desires to withdraw for want of a meritorious, appealable issue. In Anders, the United States Supreme Court held that if counsel, after a conscientious examination of the case, determines it to be wholly frivolous he should so advise the court and request permission to withdraw. Id. at 744. This request, however, must be accompanied by a brief identifying anything in the record that could arguably support the appeal. Id. Counsel must also furnish his client with a copy of the brief and request to withdraw and allow the client sufficient time to raise any matters that he chooses. Id. Once these requirements have been satisfied, the appellate court must then conduct a full examination of the proceedings held below to determine if the appeal is indeed frivolous. If the appellate court determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements or may proceed to a decision on the merits if state law so requires. Id.
In the case before us, appointed counsel for appellant has satisfied the requirements set forth in Anders, supra. This court notes further that appellant has not filed a pro se brief or otherwise responded to counsel's request to withdraw. Accordingly, this court shall proceed with an examination of the potential assignments of error set forth by counsel for appellant and the entire record below to determine if this appeal lacks merit and is, therefore, wholly frivolous.
In his first proposed assignment of error, counsel for appellant asserts that appellant may have been prosecuted twice for the same offense and is a victim of double jeopardy as well as a victim of the violation of his plea agreement.
As to appellant's first argument, the Supreme Court of Ohio has held that R.C. 2950 does not violate the rights guaranteed by the Double Jeopardy Clauses of the United States and Ohio Constitutions. State v.Williams (2000), 88 Ohio St.3d 513. As to appellant's second argument, the Ohio Supreme Court has also held that R.C. 2950 is remedial in nature and not punitive. State v. Cook (1998), 83 Ohio St.3d 404. We therefore find that the trial court's determination that appellant is a sexually oriented offender did not violate the sentence agreed to in appellant's plea agreement. Accordingly, the above arguments are without merit and appellant's first potential assignment of error is not well-taken.
In his second potential assignment of error, appellant asserts that his attorney's representation prior to and during the hearing held pursuant to R.C. 2950.09 constituted ineffective assistance of counsel. Appointed counsel on appeal states that he was unable to ascertain any negligent or deficient activity on the part of counsel in the trial court. This court has reviewed the transcript of the hearing held on March 19, 2001, as well as the evidence that was before the court and, based thereon, we are unable to find that appellant received ineffective assistance of counsel. See Strickland v. Washington (1984), 466 U.S. 668, 684. Accordingly, appellant's second proposed assignment of error is not well-taken.
Upon our own independent review of the record, we find no other grounds for a meritorious appeal. Accordingly, this appeal is found to be without merit and is wholly frivolous. Appellant's counsel's motion to withdraw is found well-taken and is hereby granted. The decision of the Lucas County Court of Common Pleas is affirmed. Costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
Melvin L. Resnick, J., James R. Sherck, J., and Richard W. Knepper,J., CONCUR.