DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before the court on appeal from a judgment of the Sandusky County Court of Common Pleas, which sentenced appellant to serve a non-minimum prison term. For the reasons that follow, this court affirms the judgment.
 {¶ 2} On October 25, 2005, appellant pled guilty to the following: one count of attempted engaging in a pattern of corrupt activity, a violation of R.C. 2923.32(A)(1) and *Page 2 
2923.02, a felony of the third degree; four counts of receiving stolen property, each a violation of R.C. 2913.51, each a felony of the fourth degree; and, one count of breaking and entering, a violation of R.C.2911.13(B), a felony of the fifth degree.
 {¶ 3} On February 13, 2006, appellant was sentenced to five years imprisonment on the attempted engaging in a pattern of corrupt activity, 18 months imprisonment on the receiving stolen property counts, and 12 months on the breaking and entering count. All the terms were ordered to be served concurrently for a total of five years imprisonment.
 {¶ 4} Appellant appealed. On October 6, 2006, appellant's case was remanded for re-sentencing under State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856.[1]
 {¶ 5} At the October 31, 2006, re-sentencing hearing, the trial court ordered the same prison terms as the original sentence.
 {¶ 6} Appellant now appeals the judgment and sentence, setting forth the following assignment of error:
 {¶ 7} "I. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN SENTENCING APPELLANT TO A MAXIMUM TERM OF IMPRISONMENT WITHOUT CONSIDERING THE APPROPRIATE SENTENCING FACTORS."
 {¶ 8} This court has noted that "[a] trial court's discretion to impose a sentence within the statutory guidelines is very broad and an appellate court cannot hold that a trial court abused its discretion by imposing a severe sentence on a defendant where that *Page 3 
sentence is within the limits authorized by the applicable statute.State v. Harmon, 6th Dist. No. L-05-1078, 2006-Ohio-4642, ¶ 16, citingHarris v. U.S. (2002), 536 U.S. 545, 565." State v. Friess, 6th Dist. No. L-05-1307, 2007-Ohio-2030, ¶ 6. An "abuse of discretion" is more than an error of law or of judgment, the term connotes that the court's attitude is unreasonable, arbitrary or unconscionable. State v.Adams (1980), 62 Ohio St.2d 151, 157. " * * * [Appellate courts can find an `abuse of discretion' where the record establishes that a trial judge refused or failed to consider statutory sentencing factors.Cincinnati v. Clardy (1978), 57 Ohio App.2d 153 * * *." State v.Firouzmandi, 5th Dist. No. 2006-CA-41, 2006-Ohio-5823, ¶ 56.
 {¶ 9} In his assignment of error, appellant argues that upon re-sentencing him, the trial court failed to demonstrate any consideration of any of the factors left unaffected by the holding inFoster. Specifically, appellant contends that the trial court failed to consider the general sentencing factors required by R.C. 2929.11 and2929.12. We disagree.
 {¶ 10} Initially, we note that in Foster the Supreme Court of Ohio stated:
 {¶ 11} "Trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id., paragraph seven of the syllabus.
 {¶ 12} However, even though trial courts are no longer required to make specific findings or give their reasons for imposing maximum, consecutive, or more than the *Page 4 
minimum sentences on the record, R.C. 2929.11 and 2929.12 must still be considered when sentencing offenders. State v. Elswick, 11th Dist. No. 2006-L-075, 2006-Ohio-7011, ¶ 53; State v. Bradford, 11th Dist. No. 2006-L-140, 2007-Ohio-2575, ¶ 16. An indication that the trial court has done so includes a general discussion at the sentencing hearing of the seriousness of the offense and the likelihood of recidivism. SeeElswick, ¶ 53.
 {¶ 13} R.C. 2929.11(A), which was not altered by Foster, provides that the overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender. Further, to achieve those purposes, the sentencing court must consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both. R.C.2929.11(A).
 {¶ 14} R.C. 2929.12 provides the factors to consider in felony sentencing. The sentencing court must consider whether certain enumerated factors apply which indicate that the offender is likely to commit future crimes. R.C. 2929.12(D). One of these factors is that the offender has a history of criminal convictions. R.C. 2929.12(D)(2). Another is that the offender shows no genuine remorse for the offense. R.C. 2929.12(D)(5).
 {¶ 15} At the re-sentencing hearing, the trial court noted on the record, appellant's lengthy criminal history based on the presentence investigation report. Further, the court noted that based on that lengthy criminal history, as well as other information in the *Page 5 
presentence investigation report, it would impose the same maximum prison term that it had previously imposed. With reference to the other information in the presentence investigation report, the investigating officer's summary concluded that appellant "was minimizing his role in the `theft ring.'" This clearly could lead to the conclusion that appellant shows no genuine remorse for the offense. In addition, with regard to restitution, the trial court stated on the record that in the future, appellant should have the ability to make the restitution previously ordered at the original sentencing.
 {¶ 16} We conclude that there is simply no indication that the trial court did not consider the overriding purposes of felony sentencing of R.C. 2929.11 or the factors of R.C. 2929.12. Accordingly, the trial court did not abuse its discretion in sentencing appellant to the maximum term on the count of attempted engaging in a pattern of corrupt activity. Appellant's assignment of error is not well-taken.
 {¶ 17} On consideration whereof, the judgment of the Sandusky County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Sandusky County.
JUDGMENT AFFIRMED.
[1] Case No. S-06-011. *Page 1