DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before the court on appeal from a judgment of the Lucas County Court of Common Pleas. The trial court sentenced appellant, Jacob Swartz, to a *Page 2 
term of five years in prison for one count of aggravated robbery, a first-degree felony. For the reasons that follow, this court affirms the judgment.
 {¶ 2} In the early morning hours of August 17, 2006, a man was jogging on a Toledo street when a pickup truck containing three men pulled up next to him. One of the passengers made several requests for a cigarette, which the jogger ignored. Two of the passengers exited the truck, and one placed a semi-automatic pistol on the jogger's chest and demanded his money and wallet. Approximately 15 minutes later, another man called 9-1-1 reporting that a white male in a pickup truck (matching the description given by the jogger) had pointed a handgun at him. Shortly thereafter, the police arrested the three, including appellant.
 {¶ 3} On August 25, 2006, appellant was indicted on two counts of aggravated robbery, felonies of the first degree, and one count of abduction, a felony of the third degree. On November 9, 2006, as the result of a plea agreement, appellant pled no contest to a single count of aggravated robbery. R.C. 2911.01(A)(1). The court entered a nolleprosequi as to the remaining two counts.
 {¶ 4} Following a pre-sentence investigation, the trial court sentenced appellant to serve a term of five years in prison. Appellant now appeals the sentence, setting forth the following assignment of error:
 {¶ 5} "The trial court abused its discretion under the sentencing guidelines of R.C. § 2929.11 and § 2929.12 by incarcerating the appellant for five years." *Page 3 
 {¶ 6} "A trial court's discretion to impose a sentence within the statutory guidelines is very broad and an appellate court cannot hold that a trial court abused its discretion by imposing a severe sentence on a defendant where that sentence is within the limits authorized by the applicable statute." State v. Friess, 6th Dist. No. L-05-1307,2007-Ohio-2030, ¶ 6. An "abuse of discretion" is more than an error of law or of judgment. The term signifies that the court's stance is unreasonable, arbitrary or unconscionable. State v. Adams (1980), 62 Ohio St.2d 151, 157.
 {¶ 7} Appellant argues that, upon sentencing him, the trial court failed to demonstrate any consideration of the factors left unaffected by the holding in Foster. Specifically, appellant contends that the trial court failed to consider the general sentencing factors required by R.C. 2929.11 and 2929.12.
 {¶ 8} In State v. Foster, the Ohio Supreme Court clarified the role of the judge in making sentencing decisions. In Foster, four criminal defendants appealed the decisions of their separate proceedings. The court held certain elements of Ohio's felony-sentencing structure in violation of the Sixth Amendment to the United States Constitution.State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856. It severed particular sections of statutes that required judicial fact-finding. Id. We note that in Foster the Supreme Court of Ohio stated:
 {¶ 9} "[T]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at ¶ 100. *Page 4 
 {¶ 10} Although trial courts are no longer required to make specific findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences on the record, R.C. 2929.11 and 2929.12
must still be considered when sentencing offenders. State v. Teel, 6th Dist. No. S-06-011, 2007-Ohio-3570, ¶ 12. See, also, State v.Elswick, 11th Dist. No. 2006-L-075, 2006-Ohio-7011, ¶ 53. General discussion at the sentencing hearing regarding the seriousness of the offense and the likelihood of recidivism is an indication that the trial court has considered such factors. Teel, ¶ 12.
 {¶ 11} R.C. 2929.11(A), unaltered by Foster, provides that the overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender. Further, to achieve those purposes, the sentencing court must consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both. R.C.2929.11(A).
 {¶ 12} R.C. 2929.12 provides the factors to consider in felony sentencing. The sentencing court must consider whether certain enumerated factors apply which indicate that the offender is likely to commit future crimes. R.C. 2929.12(D). One of these factors is that the offender has a history of criminal convictions. R.C. 2929.12(D)(2).
 {¶ 13} At the sentencing hearing, the trial court noted on the record appellant's extensive prior criminal history based on the pre-sentence investigation report. *Page 5 
Moreover, the court noted that appellant was on bond on another felony charge, grand theft, at the time this offense occurred.
 {¶ 14} We conclude that there is simply no indication that the trial court did not consider the overriding purposes of felony sentencing of R.C. 2929.11 or the factors of R.C. 2929.12. Accordingly, the trial court did not abuse its discretion in sentencing appellant to the term of five years. Appellant's assignment of error is not well-taken.
 {¶ 15} On consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing its appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Mark L. Pietrykowski P.J., Arlene Singer, J., Thomas J. Osowik, J. CONCUR. *Page 1