DECISION AND JUDGMENT ENTRY
{¶ 1} This is appeal from a judgment of conviction and sentence entered by the Erie County Court of Common Pleas after appellant, Marvin Reed, entered guilty pleas to four felony drug trafficking offenses and to an additional felony offense for operation of a motor vehicle to willfully elude or flee a police officer. The offenses include: (1) Count 2, the offense trafficking in cocaine with an enhancement of selling within 1,000 feet of *Page 2 
the boundaries of a school premises in violation of R.C. 2925.03(A)(1) and (C)(4)(d), a felony of the second degree; (2) Count 4, the offense of trafficking in cocaine with an enhancement of selling within 1,000 feet of the boundaries of a school premises in violation of R.C.2925.03(A)(1) and (C)(4)(e), a felony of the first degree; (3) Count 5, the offense preparation of cocaine for sale with an enhancement of preparing within 1,000 feet of the boundaries of a school premises in violation of R.C. 2925.03(A)(2) and (C)(4)(e), a felony of the first degree; (4) Count 6, the offense of trafficking in crack cocaine with an enhancement of selling within 1,000 feet of the boundaries of a school premises in violation of R.C. 2925.03 (A)(1) and (C)(4)(f), a felony of the second degree; and (5) Count 10, the offense of failure to comply with the order or signal of a police officer with a specification in violation of R.C. 2921.331(B), a felony of the third degree.
 {¶ 2} The guilty plea was made to five counts of a ten count indictment. In exchange for appellant's plea, the state agreed to enter a nolle prosequi on the remaining counts. Appellant also agreed to forfeit all right and interest to property seized at the time of his arrest or during the execution of any warrant. Both the appellant and state reserved the right to argue for the appropriate sentence at the sentencing hearing.
 {¶ 3} The sentencing proceeded on December 12 and 14, 2006. In a judgment entry filed on December 15, 2006, the trial court imposed the following sentences: (1) Count 2, a term of imprisonment of four years with mandatory time; (2) Count 4, a term of imprisonment of six years with mandatory time; (3) Count 5, a term of *Page 3 
imprisonment of six years with mandatory time; (4) Count 6, a term of imprisonment of four years with mandatory time; and (5) Count 10, a term of imprisonment of two years.
 {¶ 4} The trial court ordered that the sentences on Counts 4 and 5 run concurrently with each other and be served consecutively to the sentences imposed on Counts 2 and 6. The sentences for Counts 2, 4, 5, and 6 were ordered to be served consecutively to the sentence imposed in Count 10. The court also imposed fines totaling $40,000.
 {¶ 5} Counsel for appellant has filed both an appellate brief and a motion for leave to withdraw as counsel for appellant, pursuant toAnders v. California (1967), 386 U.S. 728, due to his conclusion that there is no merit to an appeal of appellant's conviction. In the brief, counsel reviews the case and issues related to the appropriateness of the sentence.
 {¶ 6} Anders v. California concerns the extent of the duty of court-appointed counsel to pursue an appeal on behalf of an indigent defendant. In the case, the Supreme Court of the United States established a procedure to follow in circumstances where appointed counsel concludes that there is no merit to an appeal and seeks to withdraw as counsel on an appeal.
 {¶ 7} Under Anders v. California, counsel must undertake a "conscientious examination" of the case and, if he determines an appeal would be "wholly frivolous," he must advise the court and seek permission to withdraw. Id., 386 U.S. at 744; State v. Duncan (1978), 57 Ohio App.2d 93. The request to withdraw must be accompanied with *Page 4 
a brief "referring to anything in the record that might arguably support the appeal." Id. A copy of the brief is to be furnished to the defendant. Id. The indigent defendant is permitted additional time to raise any points he chooses in his own brief. Id. {¶ 8} Once these requirements have been met, the appellate court must conduct a full examination of the proceedings to determine whether the appeal is wholly frivolous. Id. Where the appellate court concludes that an appeal is wholly frivolous, it may grant the motion to withdraw and dismiss the appeal. Id.
 {¶ 9} Counsel has met these requirements, including furnishing a copy of his brief and motion to withdraw to appellant. Appellant has chosen not to submit a brief on his own in support of his appeal.
 {¶ 10} Counsel identified one potential issue for appeal:
 {¶ 11} "Whether the trial court erred when it sentenced the defendant/appellant to a sentence allowable by law."
 {¶ 12} Counsel identified one potential assignment of error:
 {¶ 13} "The trial court abused its discretion when it imposed a sentence allowable by law upon the defendant."
 {¶ 14} Appellant pled guilty and was sentenced after the issuance of the Supreme Court of Ohio's decision in State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856. After Foster, "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at ¶ 100. "Since *Page 5 Foster, trial courts no longer must navigate a series of criteria that dictate the sentence and ignore judicial discretion." State v.Payne, 114 Ohio St.3d 502, 2007-Ohio-4642, ¶ 25.
 {¶ 15} Under Foster sentencing courts are to continue to consider "the statutory considerations" or "factors" in the "general guidance statutes" — R.C. 2929.11 and 2929.12 in imposing sentences, as these statutes do not include a "mandate for judicial fact finding."Foster, ¶ 36-42. Pertinent to this case, recidivism factors to be considered under R.C. 2929.12 include prior adjudicated delinquencies and convictions and consideration of the failure of the defendant to respond favorably to prior sanctions or "attempts at rehabilitation."Foster, ¶ 40; State v. Pennington, 12th Dist. No. CA2005-11-481,2006-Ohio-5376, ¶ 13-14. Seriousness factors are detailed in R.C.2929.12(B) and (C).
 {¶ 16} No specific language must be used to show consideration of the statutory factors. State v. Arnett (2000), 88 Ohio St.3d 208, 215. Discussion of the seriousness of the offense and likelihood of recidivism at the sentencing hearing serves as an indication that a trial court considered the factors outlined in the general guidance statutes. State v. Swartz, 6th Dist. No. L-06-1401, 2007-Ohio-5304, ¶ 10;State v. Teel, 6th Dist. No. S-06-011, 2007-Ohio-3570, ¶ 12.
 {¶ 17} "A trial court's discretion to impose a sentence within the statutory guidelines is very broad and an appellate court cannot hold that a trial court abused its discretion by imposing a severe sentence on a defendant where that sentence is within *Page 6 
limits authorized by the applicable statute. State v. Harmon, 6th Dist. No. L-05-1078, 2006-Ohio-4642, ¶ 16, citing Harris v. U.S. (2002),536 U.S. 545, 565." State v. Friess, 6th Dist. No. L-05-1307,2007-Ohio-2030, ¶ 6.
 {¶ 18} Appellant's record includes a 1989 conviction for aggravated drug trafficking. He was placed on probation and violated the term of his probation. The original sentence of 18 months imprisonment was imposed. In 1995, appellant was convicted of two counts of aggravated drug trafficking.
 {¶ 19} At sentencing the trial court commented on appellant's criminal history and failure to respond favorably to past probation. Both are proper statutory sentencing factors under R.C. 2929.12. Appellant faced a potential term of imprisonment of 41 years. We have reviewed the record and conclude that the trial court acted within its discretion in imposing sentence that included imprisonment for 12 years, fines, and property forfeitures.
 {¶ 20} Upon our own independent review of the record, we find no other meritorious grounds for appeal. Accordingly, we find this appeal to be without merit and wholly frivolous. Appellant's counsel's motion to withdraw is found well-taken and is hereby granted.
 {¶ 21} On consideration whereof, the court finds that substantial justice has been done the party complaining, and that the judgment of the Erie County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. *Page 7 
24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Erie County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Mark L. Pietrykowski, P.J., William J. Skow, J., Thomas J. Osowik, J. CONCUR. *Page 1