DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before the court on appeal from the judgment of the Lucas County Court of Common Pleas wherein, on November 13, 2006, [1]
appellant, William A. *Page 2 
Kowalski, Jr., pled guilty, pursuant to North Carolina v. Alford
(1970), 400 U.S. 25, to the lesser included offenses in Counts 1 and 2, attempted gross sexual imposition, in violation of R.C. 2923.02 and2907.05(A)(4), each being a felony of the fourth degree, in case number CR2005-3414, and an additional count of attempted gross sexual imposition, in violation of R.C. 2923.02 and 2907.05(A)(4), a felony of the fourth degree, as contained in the information, filed November 13, 2006, in case number CR2006-3493. Appellant appeared for sentencing on December 19, 2006, [2] and was ordered to serve a term of 15 months in prison on each of the three convictions, to be served consecutively. Having been convicted of a sexually oriented offense, a hearing was held pursuant to R.C. 2950.09, and the trial court found by clear and convincing evidence that appellant was a sexually oriented offender and that the victim was under the age of 13. Appellant was given credit for time served and was ordered to pay costs pursuant to R.C. 9.92(C),2929.18 and 2951.021. The two counts of rape in case number CR2005-3414 were nolled on December 22, 2006.
 {¶ 2} Appellant timely appealed his sentence and raises the following assignments of error:
 {¶ 3} "Assignment of Error Number One:
 {¶ 4} "The consecutive sentences imposed by the trial court are contrary to law and incongruous with the purposes of felony sentencing in Ohio.
 {¶ 5} "Assignment of Error Number Two: *Page 3 
 {¶ 6} "The trial court relied on information not properly before it in fashioning appellant's sentence."
 {¶ 7} Appellant's assignments of error both concern sentencing and therefore will be considered together. Appellant argues that the trial court's sentence was excessive and not supported by the record, and that the trial court relied on information that was neither established beyond a reasonable doubt nor admitted by appellant, in violation of his Sixth Amendment rights.
 {¶ 8} The facts cited to by the state during appellant'sAlford plea were that the victim would have testified that on three occasions her Uncle Billy, appellant, attempted to rub her vaginal area for the purpose of sexual gratification. Two of the incidents occurred on or between March 16, 2003 and August 24, 2005, and one of the incidents occurred between March 15, 2004 and March 15, 2005. All incidents occurred while the victim was under 13 years of age and while visiting at the home of her uncle and aunt.
 {¶ 9} Appellant's trial counsel stated during sentencing that appellant denied the allegations, did not accept responsibility for the charges, and had no remorse, but for being "heartsick" for what the families had to go through during the course of the proceedings. Counsel also referenced the "terrible life" the victim had, being "bounced around from foster home to family to foster home to family," that the victim would "do almost anything" to get attention, and that the victim recanted the allegations to her sister and mother. Regarding appellant, counsel stated that he was hard-working, had no prior *Page 4 
criminal history, had no prior allegations of this sort brought against him, and that he supported his wife who was undergoing dialysis awaiting a kidney transplant.
 {¶ 10} Prior to sentencing appellant, the trial court stated that it reviewed the letters from the family, the victim's letter, the presentence investigation report, the Court Diagnostic and Treatment Center report, and several reports prepared by the Children Services Board ("CSB"). The trial court held that this was "a very troubling case," and that it was "a tragic case because we have a little girl here that is never going to be the same." The trial court stated that "[t]he information that I have does show she has several problems, but I think that it's a direct result of what has occurred here."
 {¶ 11} The trial court sentenced appellant after holding a sentencing hearing pursuant to R.C. 2929.19, and affording appellant all rights pursuant to Crim. R. 32. The trial court noted that, in sentencing appellant, it considered the record, the oral statements made, the victim impact statement, the presentence investigation report, the principals and purposes of sentencing under R.C. 2929.11, and balanced the seriousness and recidivism factors under R.C. 2929.12. The trial court held that appellant was not amenable to community control and that prison was consistent with the purposes of sentencing. The trial court also held that the injury sustained was exacerbated by the age of the victim, who was ten years old at the time, that the victim suffered serious psychological harm as a result of appellant's actions, that appellant's relationship with the victim facilitated the offense, and that appellant showed no genuine remorse or acceptance of responsibility. *Page 5 
 {¶ 12} Appellant pled guilty and was sentenced after the issuance of the Supreme Court of Ohio's decision in State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856. After Foster, "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at ¶ 100. "SinceFoster, trial courts no longer must navigate a series of criteria that dictate the sentence and ignore judicial discretion." State v.Payne, 114 Ohio St.3d 502, 2007-Ohio-4642, ¶ 25. "A trial court's discretion to impose a sentence within the statutory guidelines is very broad and an appellate court cannot hold that a trial court abused its discretion by imposing a severe sentence on a defendant where that sentence is within the limits authorized by the applicable statute."State v. Harmon, 6th Dist. No. L-05-1078, 2006-Ohio-4642, ¶ 16. An abuse of discretion signifies that a court committed more than a mere error of law or an error in judgment; it implies an arbitrary, unreasonable, unconscionable attitude on the part of the trial court in reaching its decision. State v. Adams (1980), 62 Ohio St.2d 151, 157.
 {¶ 13} "Under Foster sentencing courts are to continue to consider `the statutory considerations' or `factors' in the `general guidance statutes,' R.C. 2929.11 and 2929.12, in imposing sentences, as these statutes do not include a `mandate for judicial fact finding.'"State v. Reed, 6th Dist. No. E-07-005, 2008-Ohio-1573, ¶ 15, citingFoster, ¶ 36-42. See, also, State v. Mathis, 109 Ohio St.3d 54,2006-Ohio-855, ¶ 38. Pursuant to R.C. 2929.11, in sentencing appellant, the trial court must be guided by the overriding purposes of *Page 6 
felony sentencing, which are "to protect the public from future crime by the offender and others and to punish the offender." "To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." R.C. 2929.11(A). A sentence must be reasonably calculated to achieve the overriding purposes of felony sentencing, "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim," and "consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B).
 {¶ 14} Pursuant to R.C. 2929.12(A), the trial court has the discretion to determine the most effective way to comply with the purposes and principles of sentencing, but must consider the seriousness of the conduct and the likelihood of recidivism, along with any other relevant factors. Relevant to this case, in determining if the offender's conduct was more serious than conduct normally constituting the offense, the trial court was to consider the physical or mental injury suffered by the victim due to appellant's conduct or the victim's age, whether the victim suffered serious physical, psychological, or economic harm as a result of the offense, and whether appellant's relationship with the victim facilitated the offense. R.C. 2929.12(B). In determining if the offender's conduct was less serious than conduct normally constituting the offense, the trial court was to consider matters, such as, whether the victim induced or facilitated the offense, appellant acted under strong provocation, appellant did not cause or expect to cause physical harm to any *Page 7 
person, and whether there were substantial grounds to mitigate appellant's conduct. R.C. 2929.12(C). In determining whether appellant is likely to commit future crimes, the trial court had to consider factors indicating that appellant was likely to commit future crimes, including, in pertinent part, appellant's prior convictions and whether appellant showed genuine remorse for the offense. R.C. 2929.12(D). The trial court also had to consider factors that would indicate that appellant was not likely to commit future crimes, including, appellant's prior convictions, whether appellant led a law-abiding life for a significant number of years, whether the offense was committed under circumstances not likely to recur, and whether appellant showed genuine remorse for his offense. R.C. 2929.12(E).
 {¶ 15} Although the factors in R.C. 2929.11 and 2929.12 must be considered by the trial court, "[n]o specific language must be used to show consideration of the statutory factors." Reed, ¶ 16, citing,State v. Arnett (2000), 88 Ohio St.3d 208, 215. References at the sentencing hearing regarding the seriousness of the offense and likelihood of recidivism serves as sufficient indication that a trial court considered the factors outlined in the general guidance statutes. Id., citing, State v. Swartz, 6th Dist. No. L-06-1401, 2007-Ohio-5304, ¶ 10, and State v. Teel, 6th Dist. No. S-06-011, 2007-Ohio-3570, ¶ 12. In fact, "nothing more than a rote recitation that the applicable factors of R.C. 2929.12(B)(1) have been considered" is needed. State v.Friess, 6th Dist. No. L-05-1307, 2007-Ohio-2030, ¶ 7, citing,Arnett, supra, 215; and State v. Boyd, 6th Dist. No. OT-06-034,2008-Ohio-1229, ¶ 53. *Page 8 
 {¶ 16} Appellant argues that his sentence was excessive, that the trial court abused its discretion, and that the trial court unlawfully relied on facts that were not admitted as evidence in appellant's case. In particular, appellant asserts that his sentence was "at odds with the purposes of felony sentencing" because the victim had recanted her accusations, appellant had no prior record, and appellant's wife was awaiting a kidney transplant and he was her sole means of support. Appellant also asserts that the trial court should not have considered the reports prepared by CSB that were never introduced as evidence.
 {¶ 17} We, however, find that, in sentencing appellant, the trial court specifically considered the principles and purposes of sentencing under R.C. 2929.11, balanced the seriousness and recidivism factors under R.C. 2929.12, and sentenced appellant within the statutory range of six to 18 months for each count. Although not required to do so, the trial court additionally noted the specific facts that weighed in its consideration of appellant's sentence, including, that the injury sustained was exacerbated by the age of the victim, that the victim suffered serious psychological harm as a result of appellant's actions, that appellant's relationship with the victim facilitated the offense, and that appellant showed no genuine remorse or acceptance of responsibility. Contrary to appellant's assertions, we find that the bases for these factors were contained in the record and, therefore, were available to the trial court for its consideration during sentencing. As such, we find that appellant was not sentenced pursuant to any unconstitutional statute, the trial court did not make unconstitutional findings, and appellant's sentence *Page 9 
was not an abuse of the trial court's discretion under the facts and circumstances in this case.
 {¶ 18} With respect to the trial court's review of the CSB reports prior to sentencing, we find that appellant failed to object to the trial court's review of these reports at the time of sentencing. It is a basic premise that a party must bring an alleged error to the attention of the trial court at a time when the error can be corrected. State v.Slagle (1992), 65 Ohio St.3d 597, 604. A failure to object to sentencing errors constitutes a waiver of such errors. State v. Stephens, 9th Dist. Nos. 06CA009044, 06CA009045, 06CA009046, 2007-Ohio-4102, ¶ 10.
 {¶ 19} Upon appellant's request to obtain the CSB reports, the trial court reviewed the reports in camera during the course of the proceedings and specifically mentioned that it had reviewed the reports prior to sentencing appellant; however, appellant made no objection. We therefore find that appellant waived any error that may have occurred in this regard, absent plain error. Moreover, we find that the matters considered by the trial court in sentencing appellant were contained in the portions of the record that were disclosed to appellant and were not addressed in the CSB reports that were reviewed by the trial court. Thus, any alleged error due to the trial court's review of the CSB reports prior to sentencing was harmless.
 {¶ 20} Accordingly, having found that the trial court did not abuse its discretion in sentencing appellant and that no plain error exists in this case, we find appellant's first and second assignments of error not well-taken. On consideration whereof, the court *Page 10 
finds that substantial justice has been done the party complaining, and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Peter M. Handwork, J., Mark L. Pietrykowski, P.J., Thomas J. Osowik, J., CONCUR.
[1] Appellant's November 13, 2006 plea was journalized on November 20, 2006.
[2] The judgment entry of sentencing was journalized on December 22, 2006. *Page 1