DECISION AND JUDGMENT
{¶ 1} Appellant Robert J. Moats appeals the judgment of the Williams County Court of Common Pleas of June 13, 2007, sentencing him both for the offense of failure to notify the sheriff of his change of address in violation of former R.C. 2950.05(E)(1), a felony in the third degree, and for violation of the conditions of postrelease control under a prior conviction for rape. Moats' conviction for the failure to notify offense constituted the asserted violation of the conditions of postrelease control.
 {¶ 2} The prior rape conviction involved consensual sexual intercourse with a 12 year old girl when Moats was age 17. The failure to notify indictment specified that *Page 2 
Moats was required, under either R.C. 2950.04 or 2950.041, to register with the Williams County Sheriff his change of address but failed to do so commencing on or about November 1, 2006, and continuing to on or about March 20, 2007. Moats pled guilty to the failure to notify offense.
 {¶ 3} Moats served his term of imprisonment for the rape offense and had been released from custody for the offense in August 2006. However, he remained subject to five years of postrelease control. His period of postrelease control under the rape conviction commenced on August 14, 2006, and had been set to expire on August 13, 2011.
 {¶ 4} Under the June 13, 2007 judgment, the trial court sentenced Moats to a four year term of imprisonment for the failure to notify offense. The trial court terminated postrelease control under the rape offense and imposed an additional term of imprisonment of three years for violation of postrelease control. In total, the judgment imposed a seven year term of imprisonment on Moats.
 {¶ 5} The court also applied jail time credits and voiced its disapproval of placement of Moats in shock incarceration under R.C. 5120.031 or any intensive program under R.C. 5120.032. The trial court's sentence also ordered Moats' to pay restitution, specified costs, and supervision fees.
 {¶ 6} Counsel for appellant has filed both an appellate brief and a motion for leave to withdraw as counsel for appellant, pursuant toAnders v. California (1967), 386 U.S. 738, due to his conclusion that there is no merit to an appeal of appellant's *Page 3 
conviction. In the brief, counsel reviews the case and issues related to the appropriateness of the sentences.
 {¶ 7} Anders v. California concerns the extent of the duty of court-appointed counsel to pursue an appeal on behalf of an indigent defendant. In the case, the Supreme Court of the United States established a procedure to follow in circumstances where appointed counsel concludes that there is no merit to an appeal and seeks to withdraw as counsel on an appeal. Under Anders v. California, counsel must undertake a "conscientious examination" of the case and, if he determines an appeal would be "wholly frivolous," he must advise the court and seek permission to withdraw. Id., at 744; State v. Duncan
(1978), 57 Ohio App.2d 93. The request to withdraw must be accompanied with a brief "referring to anything in the record that might arguably support the appeal." Id. A copy of the brief is to be furnished to the defendant. Id. The indigent defendant is permitted additional time to raise any points he chooses in his own brief. Id.
 {¶ 8} Once these requirements have been met, the appellate court must conduct a full examination of the proceedings to determine whether the appeal is wholly frivolous. Id. Where the appellate court concludes that an appeal is wholly frivolous, it may grant the motion to withdraw and dismiss the appeal. Id.
 {¶ 9} Counsel has met these requirements, including furnishing a copy of his brief and motion to withdraw to appellant. Appellant has chosen not to submit a brief on his own in support of his appeal.
 {¶ 10} Counsel identified two potential issues for appeal: *Page 4 
 {¶ 11} "There are potential errors that might arguably support the appeal. The first assignment of error would be that the Court did not follow the law. * * *."
 {¶ 12} "The second assignment of error would be that the Court did not consider all the factors in Ohio Revised Code Section 2929.12 in determining the sentence that was imposed on the Defendant."
 {¶ 13} The failure to notify offense is a third degree felony. R.C. 2950.99. Appellant's sentence of four years imprisonment was within the authorized statutory range of sentences for a third degree felony. R.C. 2929.14.
 {¶ 14} R.C. 2929.141(B)(1) specifies the maximum prison term faced by a defendant who commits a new felony and thereby violates a condition of postrelease control. The maximum sentence is "twelve months or the period of post-release control for the earlier felony minus any time the releasee has spent under post-release control for the earlier felony." R.C. 2929.141(B)(1). Appellant was sentenced to a three year term of imprisonment for the violation of postrelease control. The three year sentence was less than the statutory maximum sentence as more than four years of postrelease control remained under the original sentence.
 {¶ 15} After the Ohio Supreme Court's 2006 decision of State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856, "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id., at paragraph seven of the syllabus. After Foster, sentencing courts are to continue to *Page 5 
consider "the statutory considerations" and "factors" in the "general guidance statutes"— R.C. 2929.11 and 2929.12 in imposing sentences, as these statutes do not include a "mandate for judicial fact finding."Foster, ¶¶ 36-42.
 {¶ 16} No specific language must be used to show consideration of the statutory factors. State v. Arnett (2000), 88 Ohio St.3d 208, 215. Discussion of the seriousness of the offense and likelihood of recidivism at the sentencing hearing serves as an indication that a trial court considered the factors outlined in the general guidance statutes. State v. Swartz, 6th Dist. No. L-06-1401, 2007-Ohio-5304, ¶ 10;State v. Teel, 6th Dist. No. S-06-045, 2007-Ohio-3570, ¶ 12.
 {¶ 17} "A trial court's discretion to impose a sentence within the statutory guidelines is very broad and an appellate court cannot hold that a trial court abused its discretion by imposing a severe sentence on a defendant where that sentence is within limits authorized by the applicable statute. State v. Harmon, 6th Dist. No. L-05-1078,2006-Ohio-4642, ¶ 16, citing Harris v. U.S. (2002), 536 U.S. 545, 565."State v. Friess, 6th Dist. No. L-05-1307, 2007-Ohio-2030, ¶ 6. *Page 6 
 {¶ 18} The trial court specifically referred to R.C. 2929.11 and the purposes of felony sentencing as well as the R.C. 2929.12 statutory factors at the sentencing hearing. We have reviewed the record and conclude that the trial court acted within its discretion in imposing the sentences set forth in its June 13, 2007 judgment.
 {¶ 19} Upon our own independent review of the record, we find no other meritorious grounds for appeal. Accordingly, we find this appeal to be without merit and wholly frivolous. Appellant's counsel's motion to withdraw is found well-taken and is hereby granted.
 {¶ 20} On consideration whereof, the court finds that substantial justice has been done the party complaining, and that the judgment of the Williams County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Williams County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Mark L. Pietrykowski, P.J., Arlene Singer, J., William J. Skow, J., CONCUR. *Page 1