DECISION AND JUDGMENT
{¶ 1} Appellant appeals a January 23, 2008 judgment of the Williams County Court of Common Pleas convicting him of the offense of robbery, a violation of R.C. 2911.02(A)(3), and sentencing him to a term of imprisonment of five years. The offense is a third degree felony. Appellant pled guilty to the offense, pursuant to a plea *Page 2 
agreement. His five year sentence is the statutory maximum sentence for a violation of R.C. 2911.02(A)(3). R.C. 2929.14(A)(3).
 {¶ 2} The state claimed that on October 14, 2007, appellant handed a hotel clerk at the Rainbow Motel, in Holiday City, a note stating: "Do what the note says, give me the money in the drawer and you will not get hurt. I have a weapon and will shoot you." At the time of the incident, appellant remained subject to postrelease control under a prior criminal conviction.
 {¶ 3} Appellant pled guilty to robbery, a violation of R.C. 2911.02(A)(3), in a plea hearing on December 26, 2007. As part of the plea agreement, the state agreed to recommend, at sentencing, that the court not impose any additional term of imprisonment based upon any claimed violation of postrelease control arising out of the incident.
 {¶ 4} Appellant assigns one error on appeal:
 {¶ 5} "Assignment of Error
 {¶ 6} "The trial court erred to the prejudice of defendant/appellant in sentencing him to a five (5) year sentence for his conviction for robbery, a felony of the third degree, in violation of Ohio Revised Code R.C. 2911.02(A)(3)."
 {¶ 7} Appellant asserts that the trial court erred in failing to make statutorily mandated findings of fact prior to imposing the maximum sentence against him, citing State v. Comer, 99 Ohio St.3d 463,2003-Ohio-4165. In State v. Foster, however, the Ohio Supreme Court "declared certain portions of Ohio's sentencing laws unconstitutional as violative of a defendant's Sixth Amendment Right to a jury trial. *Page 3 
Specifically, Foster held the following statutory sections unconstitutional: R.C. 2929.14(B), (C), (D)(2)(b), (D)(3)(b), and (E)(4); R.C. 2929.19(B)(2); and R.C. 2929.41(A). Foster also specifically abrogated Comer [State v. Comer, 99 Ohio St.3d 463,2003-Ohio-4165], and applied Apprendi v. New Jersey (2000),530 U.S. 466; Blakely v. Washington (2004), 542 U.S. 296; and United States v.Booker (2005), 543 U.S. 220." State v. Coleman, 6th Dist. No. S-06-023,2007-Ohio-448, ¶ 6.
 {¶ 8} Under State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id., at paragraph seven of the syllabus. Accordingly, we find appellant's argument that the trial court erred in failing to provide findings of fact to support the sentence imposed to be without merit.
 {¶ 9} After Foster, sentencing courts are to continue to consider "the statutory considerations" and "factors" in the "general guidance statutes" — R.C. 2929.11 and 2929.12 in imposing sentences, as these statutes do not include a "mandate for judicial fact finding."Foster, ¶ 36-42. "Two statutory sections apply as a general judicial guide for every sentencing. The first, R.C. 2929.11 states that the court `shall be guided by' the overriding purposes of felony sentencing * * *." Foster at ¶ 36. R.C. 2929.11 lists matters to be considered "in achieving those purposes." Id.
 {¶ 10} "The second general statute, R.C. 2929.12, grants the sentencing judge discretion `to determine the most effective way to comply with the purposes and *Page 4 
principles of sentencing.' R.C. 2929.12(A) directs that in exercising that discretion, the court shall consider, along with any other `relevant' factors, the seriousness factors set forth in divisions (B) and (C) and the recidivism factors in divisions (D) and (E) of R.C. 2929.12. These statutory sections provide a nonexclusive list for the court to consider." Foster at ¶ 37.
 {¶ 11} The statutory scheme requires no specific language to be used by the sentencing judge to show consideration of the R.C. 2929.12
factors. State v. Arnett (2000), 88 Ohio St.3d 208, 215. Discussion of the seriousness of the offense and likelihood of recidivism at the sentencing hearing serves as an indication that a trial court considered the factors. State v. Swartz, 6th Dist. No. L-06-1401, 2007-Ohio-5304, ¶ 10;State v. Teel, 6th Dist. No. S-06-045, 2007-Ohio-3570, ¶ 12. Accordingly appellant's argument that the trial court erred in giving only a "rote recitation of the statutorily required factors" under R.C. 2929.12 is without merit.
 {¶ 12} Appellant contends that the trial court erred in stating that the appellant showed "no genuine remorse" at sentencing. Appellant spoke at sentencing and stated that he knew what he did was "wrong," wanted to get his life together, and was "tired of being in and out, in and out." In our view, it was for the trial court to judge whether such statements represented genuine remorse or merely a concern about further imprisonment. We find that the trial court did not abuse its discretion in its consideration of the "the statutory considerations" and "factors" in the "general guidance statutes" — R.C. 2929.11 and 2929.12 — in imposing sentence. *Page 5 
 {¶ 13} "A trial court's discretion to impose a sentence within the statutory guidelines is very broad and an appellate court cannot hold that a trial court abused its discretion by imposing a severe sentence on a defendant where that sentence is within limits authorized by the applicable statute. State v. Harmon, 6th Dist. No. L-05-1078,2006-Ohio-4642, ¶ 16, citing Harris v. U.S. (2002), 536 U.S. 545, 565."State v. Friess, 6th Dist. No. L-05-1307, 2007-Ohio-2030, ¶ 6.
 {¶ 14} We have reviewed the record and conclude that the trial court acted within its discretion in imposing the five year sentence set forth in its January 23, 2008 judgment. Appellant's assignment of error is not well-taken.
 {¶ 15} On consideration whereof, this court finds that appellant was not prejudiced or prevented from having a fair trial and the judgment of the Williams County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Williams County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4. *Page 6 
Mark L. Pietrykowski, P.J., Arlene Singer, J., Thomas J. Osowik, J., CONCUR. *Page 1