DECISION AND JUDGMENT
{¶ 1} Appellant, Mark Gribbin, appeals his conviction entered by the Lucas County Court of Common Pleas in the above-captioned case. For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} On April 3, 2007, appellant was charged in a two-count indictment. The first count charged him with aggravated robbery, a felony of the first degree, and the *Page 2 
second count charged him with felonious assault, a felony of the second degree. Each count included a repeat violent offender specification. At arraignment, held on April 12, appellant entered a plea of not guilty.
 {¶ 3} On May 29, 2007, appellant was referred to the Court Diagnostic and Treatment Center for evaluation of his competence to stand trial and of his mental condition at the time of the offense charged.
 {¶ 4} Clinical psychologist Charlene Cassel, Ph.D., performed the relevant evaluations and ultimately concluded: (1) that appellant's mental condition at the time of the offense charged did not meet the criteria for a determination of not guilty by reason of insanity; and (2) that appellant was competent to stand trial.
 {¶ 5} On July 3, 2007, appellant requested a second opinion regarding appellant's mental condition at the time of the offense charged. (There was no request for a second opinion on the issue of appellant's competence to stand trial.) Dr. Wayne Graves was chosen to perform the second evaluation.
 {¶ 6} On August 7, 2007, the trial court conducted a hearing to determine appellant's competence to stand trial. After considering Dr. Cassel's report on the issue, the trial court determined that appellant was, in fact, competent to stand trial.
 {¶ 7} On September 24, 2007, appellant withdrew his former plea of not guilty and entered a plea of no contest to felonious assault, without the repeat violent offender specification. The prosecutor offered that if the case had proceeded to trial, the evidence on behalf of the state would have shown, beyond a reasonable doubt, that on March 20, *Page 3 
2007, appellant went to B P Wrecking Company, in Toledo, Ohio, and, while at that location, hit victim Tondra Paxton while her back was turned, breaking her jaw, and knocking her unconscious. According to the prosecutor, when Paxton awoke, appellant was gone and so was $50 that she had had just prior to the attack.
 {¶ 8} On October 9, 2007, appellant was sentenced to serve a term of seven years in prison. Appellant timely filed an appeal from his conviction and sentence, raising the following assignments of error:
 {¶ 9} I. "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT FOUND APPELLANT COMPETENT BECAUSE (1) WHEN DR. CASSEL RENDERED HER DECISION REGARDING APPELLANT'S COMPETENCY SHE HAD NOT CONSIDERED APPELLANT'S MEDICAL RECORDS ON FILE AT THE LIMA CORRECTIONAL FACILITY; (2) THE DR. GRAVES REPORT REQUESTED AT THE JULY 3, 2007 PRE-TRIAL WAS NEVER INTRODUCED OR MADE AN EXHIBIT; AND (3) DR. CASSEL DID NOT INVESTIGATE APPELLANT'S SEROTONIN LEVELS."
 {¶ 10} II. "PURSUANT TO O.R.C. 2929.14(C), THE TRIAL COURT ABUSED ITS DISCRETION BY IMPOSING A SEVEN YEAR PRISON TERM."
 {¶ 11} We will begin by addressing appellant's first assignment of error, wherein he disputes the trial court's finding that he was competent to stand trial.
 {¶ 12} "It is uncontroverted that the conviction of an accused person while he is legally incompetent violates due process." State v.Chapin (1981), 67 Ohio St.2d 437, *Page 4 
439, citing Bishop v. United States (1956), 350 U.S. 961. Accordingly, a person who lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense may not be subjected to a trial. State v.Nickell, 6th Dist. No. WD-07-015, 2008-Ohio-1571, ¶ 12. To determine whether a defendant is competent to stand trial, a court must decide "whether he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and whether he has a rational as well as factual understanding of the proceedings against him." Dusky v. United States (1960), 362 U.S. 402.
 {¶ 13} In Ohio, statutory law provides that the burden of establishing incompetence is on the defendant; a defendant is presumed competent unless he proves incompetence by a preponderance of the evidence. R.C. 2945.37(G); State v. Nickell, supra, at ¶ 13. In general, an appellate court will not disturb a trial court's finding of legal competency if the record contains reliable and credible evidence in support of that finding. Id.
 {¶ 14} In the instant case, appellant did not object to any aspect of his competency evaluation during the trial court proceedings and, thus, waived all but plain error.[1] See State v. Mink, 101 Ohio St.3d 350,2004-Ohio-1580, ¶ 29. "Plain error does not exist *Page 5 
unless, but for the error, the outcome of the criminal proceedings would clearly have been different." State v. Ferreira, 6th Dist. No. L-06-1282, 2007-Ohio-4902, ¶ 11.
 {¶ 15} On appeal, appellant argues that the trial court abused its discretion when it found him competent because Dr. Cassel failed to examine appellant's correctional facility mental health records. As indicated in Dr. Cassel's report, mental health records were requested but were not received prior to her completion of the evaluation.
 {¶ 16} R.C. 2945.371(G) requires the competency examiner to file a written report with the court that shall include: (1) the examiner's findings; (2) the facts in reasonable detail on which the findings are based; and (3) the findings or recommendations applicable to the issue of the defendant's competency to stand trial. Dr. Cassel's competency evaluation satisfied these criteria.
 {¶ 17} In addition, Dr. Cassel's competency evaluation was thorough and complete. Dr. Cassel interviewed appellant for a period of over two hours. Through this interview, appellant provided Dr. Cassel with detailed information about his family background, his education and employment history, and the history of his medical and psychological problems. Dr. Cassel learned that appellant had taken psychiatric medications since he was a juvenile and that while he was in the Lima correctional facility, he was diagnosed with severe depression, manic depressive disorder and panic attacks. Dr. Cassel also learned that appellant smokes marijuana when he is "free," and that he has snorted "a little bit of coke" and has used pills such as Oxycontin and Percocet. *Page 6 
 {¶ 18} Dr. Cassel's examination revealed that appellant "was oriented for time, place and person," and that there was "no evidence of hallucinations or delusions." Dr. Cassel found that appellant was frequently depressed, had average abstracting ability, and (despite appellant's claim of having an IQ of 129) was likely of average intelligence.
 {¶ 19} When Dr. Cassel administered the Minnesota Multiphasic Personality Inventory-2, appellant's performance indicated that "appellant went out of his way to over-report pathology." Because of that, his profile was invalid and could not be interpreted.
 {¶ 20} Regarding competency issues, in particular, appellant reported, "I am not incompetent. They were more concerned with my insanity at the time." According to Dr. Cassel, appellant could identify all of the persons involved in the court process, and gave better than average answers as to their respective roles. Dr. Cassel found that appellant was able to understand the adversary nature of the process, the charges he was facing, and the possible consequences of those charges. She also found that he was comfortable with his attorneys, could relate to them and could provide information relevant to his case. In addition, Dr. Cassel found that appellant was able to assist in the planning of his legal strategy and could testify relevantly and effectively if necessary. Dr. Cassel found nothing to suggest that appellant has a developmental disability.
 {¶ 21} Of course, review of appellant's mental health records would have resulted in an even more complete evaluation. But even without the benefit of such review, Dr. *Page 7 
Cassel was able to, and in fact did, conduct a thorough and complete examination of appellant before concluding that he was competent.[2]
 {¶ 22} The record shows that appellant acted sensibly throughout the plea hearing, answered the trial court's questions in a straightforward and appropriate fashion, and exhibited no irrational behavior.
 {¶ 23} Based on all of the foregoing, we conclude that the trial court did not abuse its discretion in finding appellant competent, since "reliable, credible evidence" supported that finding. See State v.Nickell, supra, at ¶ 13. Most certainly, there was no plain error.
 {¶ 24} Our conclusion in this matter is not altered by appellant's additional complaint that Dr. Cassel, in rendering her evaluation of appellant, failed to consider appellant's serotonin levels. Here, there was absolutely no evidence or allegation concerning appellant's serotonin levels until the sentencing hearing, when appellant himself raised the matter during his statement to the court. Specifically, appellant stated:
 {¶ 25} "* * * I've been trying to figure out the whole problems [sic] behind my weird and lashing out anger at everything I've been trying to do. I've been trying to find out the reason why. *Page 8 
 {¶ 26} "I've come to the realization that there is a chemical imbalance and it's called serotonin syndrome. It's due to the lack of medication or misuse of my medication. And in this case, it was the lack of."
 {¶ 27} Appellant's self-serving, unsubstantiated, eleventh-hour mention of a potential serotonin problem does not constitute evidence of incompetence. Even if appellant's statement did constitute evidence of some kind of mental illness (and we specifically find that it did not), the law is clear that "mental illness does not necessarily correlate to incompetency." State v. Bailey (1991), 90 Ohio App.3d 58, 68.
 {¶ 28} Finally, we consider appellant's claim that the trial court erred when it found appellant competent, because Dr. Graves' report was never introduced into evidence. As indicated above, Dr. Graves' opinion was requested not to determine appellant's competency, but rather to assess appellant's mental state at the time the offense was committed. Because the report containing Dr. Graves' opinion was not relevant to the matter at hand, its omission from the record was not error.
 {¶ 29} For all of the foregoing reasons, appellant's first assignment of error is found not well-taken.
 {¶ 30} Appellant argues in his second assignment of error that the trial court erred in imposing a seven year prison term in this case.
 {¶ 31} R.C. 2929.14(A)(2) provides that "[f]or a felony of the second degree, the prison term shall be two, three, four, five, six, seven, or eight years." Accordingly, appellant's sentence of seven years in prison was within the statutory range. *Page 9 
 {¶ 32} Under State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id., at paragraph seven of the syllabus. AfterFoster, sentencing courts are to continue to consider the statutory considerations and factors set forth in R.C. 2929.11 and 2929.12, as these statutes do not include a mandate for judicial fact finding.State v. Moats, 6th Dist. No. WM-07-011, 2008-Ohio-3840, ¶ 15.
 {¶ 33} The statutory scheme requires no specific language to be used by the sentencing court to show consideration of the relevant factors. Id. at ¶ 16. Discussion of the seriousness of the offense and likelihood of recidivism at the sentencing hearing serves as an indication that the trial court considered those factors. State v. Swartz, 6th Dist. No. L-06-1401, 2007-Ohio-5304, ¶ 10; State v. Teel, 6th Dist. No. S-06-045,2007-Ohio-3570, ¶ 12.
 {¶ 34} Here, the trial court's judgment entry specifically provides that, in sentencing appellant, the trial court had considered "the record, oral statements, any victim impact statement and presentence report prepared, as well as the principles and purposes of sentencing under R.C. 22929.11, and has balanced the seriousness and recidivism factors under R.C. 2929.12."
 {¶ 35} At the sentencing hearing, the trial court discussed appellant's extensive criminal history, including the fact that appellant, as an adult, had been convicted of ten *Page 10 
felonies and five misdemeanor offenses. The trial court further noted that appellant had been sent to prison in both Michigan and Florida for the crimes of burglary and armed robbery, and that, at the time of the instant offense, he had been out of prison for only six months.
 {¶ 36} After highlighting the violent nature of appellant's past criminal history and the continuation of his violence in the instant case, the trial court stated:
 {¶ 37} "At this point, the primary responsibility of this court with a defendant with this serious of an offense, this harm to the victim[,] is to be concerned about protecting the public from further conduct of this defendant."
 {¶ 38} R.C. 2929.11 expressly provides that an overriding purpose of felony sentencing is to protect the public from future crime by the offender.
 {¶ 39} Appellant argues that the trial court failed to give adequate consideration to the fact that "appellant was truly sorry for the offense" and "was dealing with significant mental health issues and medication issues at the time of the offense."
 {¶ 40} We note that "[a] trial court's discretion to impose a sentence within the statutory guidelines is very broad and an appellate court cannot hold that a trial court abused its discretion by imposing a severe sentence on a defendant where that sentence is within limits authorized by the applicable statute." State v. Friess, 6th Dist. No. L-05-1307, 2007-Ohio-2030, ¶ 6. *Page 11 
 {¶ 41} We have reviewed the record and conclude that the trial court acted within its discretion in imposing the sentence in this case. Appellant's second assignment of error is found not well-taken.
 {¶ 42} For all of the foregoing reasons, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Arlene Singer, J., William J. Skow, J., Thomas J. Osowik, J., CONCUR.
[1] At the August 7, 2007 competency hearing, the trial court specifically asked counsel for both parties whether there was any objection to the report being admitted into evidence. Appellant's counsel answered, "No objection, Judge."
[2] We note that appellant does not contend that the results of his competency evaluation would have been different if Dr. Cassel had reviewed his mental health records before reaching her conclusion. Thus, any error in that regard would be purely speculative. *Page 1