[Cite as *In re T.T.*, 2017-Ohio-485.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

In re T.T., aka T.S.

Court of Appeals No. L-16-1207

Trial Court No. JC 16255360

**DECISION AND JUDGMENT**

Decided: February 10, 2017

* * * * *

James J. Popil, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas, Juvenile Division, that terminated the parental rights of appellant mother, M.T., and granted permanent custody of her minor child T.T. to appellee Lucas County Children Services.[1]  For the following reasons, the judgment of the trial court is affirmed.

---

[1] The child's legal father has not appealed the trial court's judgment.

{¶ 2} Appointed counsel has submitted a request to withdraw pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). In his brief filed on appellant's behalf, appointed counsel sets forth one proposed assignment of error. In support of his request to withdraw, counsel for appellant states that, after reviewing the record of proceedings in the trial court, he was unable to find any appealable issues.

{¶ 3} *Anders, supra*, and *State v. Duncan*, 57 Ohio App.2d 93, 385 N.E.2d 323 (8th Dist.1978), set forth the procedure to be followed by appointed counsel who desires to withdraw for want of a meritorious, appealable issue. In *Anders*, the United States Supreme Court held that if counsel, after a conscientious examination of the case, determines it to be wholly frivolous he should so advise the court and request permission to withdraw. *Id*. at 744. This request, however, must be accompanied by a brief identifying anything in the record that could arguably support the appeal. *Id*. Counsel must also furnish his client with a copy of the brief and request to withdraw and allow the client sufficient time to raise any matters that she chooses. *Id*. Once these requirements have been satisfied, the appellate court must then conduct a full examination of the proceedings held below to determine if the appeal is indeed frivolous. If the appellate court determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements or it may proceed to a decision on the merits if state law so requires. *Id*.

{¶ 4} In the case before us, appointed counsel for appellant has satisfied the requirements set forth in *Anders, supra*. This court finds further that appellant was

2.

notified by counsel of her right to file an appellate brief on her own behalf; however, no pro se brief was filed.

{¶ 5} Accordingly, this court shall proceed with an examination of the potential assignment of error proposed by counsel for appellant and the entire record below to determine if this appeal lacks merit and is, therefore, wholly frivolous.

{¶ 6} The facts relevant to this appeal are as follows. T.T. was born in May 2016. At that time, appellant was birth mother to six other children but did not have legal custody of any of them. Four of the children were in the legal custody of relatives and two others were in the permanent custody of Lucas County Children Services ("the agency"). T.T. was placed in foster care upon leaving the hospital after birth.

{¶ 7} On May 9, 2016, the agency filed an original complaint in dependency with a dispositional request for permanent custody. A shelter care hearing was held that same day. Appellant's caseworker testified that appellant had been provided case plan services with regard to the six other children, including services to address appellant's mental health as well as concerns about her association with inappropriate persons, her questionable supervision of the children and her inability to parent effectively. The caseworker further testified that at the time of T.T.'s birth, appellant had not completed any case plan services and was not engaged in mental health treatment. Appellant conceded that she had not engaged in mental health treatment but stated that she had an assessment scheduled for the next day. At the conclusion of the hearing, the agency was granted temporary custody.

3.

{¶ 8} On July 11, 2016, an adjudication hearing was held and the parties stipulated that T.T. was a dependent child.

{¶ 9} The permanent custody hearing was held on August 8, 2016. Appellant's caseworker testified that the agency had filed for permanent custody due to mother's failure to engage in case plan services and her history of losing custody of her other six children. Without objection from either parent, the agency introduced into evidence judgment entries from the legal proceedings related to custody of appellant's six other children. The caseworker further testified that appellant did not recognize the need for services while she was pregnant and stated her belief that permanent custody was in the child's best interest.

{¶ 10} Appellant testified that she was not engaged in services prior to giving birth to T.T., but said she had scheduled an appointment for counseling. She stated that she had her own house with sufficient finances and supplies for T.T. As to her mental health, appellant testified that she suffers from postpartum depression, bipolar and major depressive disorder, anxiety and PTSD. She stated that she had been engaged in mental health services since May 2016 and admitted that she had failed to complete mental health services or any other services as required in the earlier cases involving her other children. Appellant further testified that daycare services were available to her across the street from her home whenever needed.

{¶ 11} T.T.'s guardian ad litem testified and recommended permanent custody to the agency. The guardian testified that although appellant assured her she had a friend

4.

who had been approved by the agency to provide child care, the friend had never filed the papers required for approval. The guardian visited appellant's home twice, in May and July 2016. She testified that appellant had plenty of food in the home as well as a place for the baby to sleep and baby clothing. She further testified that there was no working bathtub at the time of either visit and that the toilet was "filthy." Appellant told the guardian that she smokes about a half pack of cigarettes daily, which concerned the guardian because the home smelled of smoke and T.T. was currently undergoing breathing treatments prescribed by a doctor. Finally, the guardian stated that T.T.'s foster parents have expressed a willingness to adopt the child.

{¶ 12} On August 16, 2016, the trial court awarded appellee permanent custody of T.T.

{¶ 13} Appointed counsel has set forth the following proposed assignment of error:

> The trial court erred in granting appellee Lucas County Children Services permanent custody as the decision was against the manifest weight of the evidence.

{¶ 14} In granting a motion for permanent custody, the trial court must find that one or more of the conditions listed in R.C. 2151.414(E) exist as to each of the child's parents. If, after considering all relevant evidence, the court determines by clear and convincing evidence that one or more of the conditions exists, the court shall enter a finding that the child cannot be placed with either parent within a reasonable time or

should not be placed with either parent.  R.C. 2151.414(B)(1).  Further, pursuant to R.C. 2151.414(D), a juvenile court must consider the best interest of the child by examining factors relevant to the case including, but not limited to, those set forth in paragraphs 1-5 of subsection (D). Only if these findings are supported by clear and convincing evidence can a juvenile court terminate the rights of a natural parent and award permanent custody of a child to a children services agency.  *In re William S.*, 75 Ohio St.3d 95, 661 N.E.2d 738 (1996). Clear and convincing evidence is that which is sufficient to produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established. *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

{¶ 15} The record reflects that the trial court found by clear and convincing evidence, pursuant to R.C. 2151.353(A)(4) and 2151.414(B)(1)(a), that T.T. cannot and should not be placed with either parent within a reasonable time.  The trial court also found, under R.C. 2151.414(D)(1), by clear and convincing evidence, that it is in the best interest of the child to grant permanent custody to the agency and that it would be contrary to the best interest of the child to reunify with either parent.

{¶ 16} Specifically as to appellant, the trial court found that, under R.C. 2151.414(E)(11), appellant had her parental rights involuntarily terminated with respect to a sibling of the child and that appellant failed to provide clear and convincing evidence that, notwithstanding the prior terminations, she can provide a legally secure permanent placement and adequate care for the child.  The trial court noted that in July 2014, the

6.

court had terminated mother's parental rights to two older siblings of T.T. At that time, appellant's unresolved issues included mental health issues and failure to complete related services, and parenting issues.

{¶ 17} Pursuant to R.C. 2151.414(E)(2), the trial court found that appellant has chronic mental or emotional illness that is so severe that it makes her unable to provide an adequate permanent home for the child at the present time and, as anticipated, within one year after the hearing. The trial court noted that appellant admitted to not following through with counseling services, mental health services or psychiatric medication management services in the two years following termination of her parental rights in 2014. The trial court further noted that appellant admits having diagnoses of PTSD, bipolar, and postpartum depression. The trial court concluded that the agency provided clear and convincing evidence of the elements set forth under R.C. 2151.414(E)(2).

{¶ 18} Additionally, the trial court found it relevant that, under R.C. 2151.414(E)(16), appellant has six other children and custody of none of them. The trial court found that appellant has repeatedly demonstrated an inability or unwillingness to complete case plan or mental health services and address the limitations and problems that caused her to lose custody of her children.

{¶ 19} Under R.C. 2151.414(D)(1)(d), the trial court found that T.T. is doing well and is stable in his current placement and is in a safe and appropriate environment. The trial court further found that T.T. is in need of a permanent placement and that placement can only be achieved through an award of permanent custody. The court concluded that

7.

no evidence was presented that the parents can provide a legally secure permanent placement for the child.

{¶ 20} This court has thoroughly reviewed the record of proceedings in the trial court, including the trial testimony and exhibits.  We find that the trial court clearly heard sufficient evidence to support its finding that permanent custody should be granted to Lucas County Children Services.  Appointed counsel's proposed assignment of error is without merit.

{¶ 21} Upon our own independent review of the record, we find no grounds for a meritorious appeal.  Accordingly, this appeal is found to be without merit and is wholly frivolous.  Appellant's counsel's motion to withdraw is found well-taken and is hereby granted.

{¶ 22} The decision of the Lucas County Court of Common Pleas, Juvenile Division, is affirmed.  Costs of this appeal are assessed to appellant pursuant to App.R. 24.  The clerk is ordered to serve all parties with notice of this decision.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

8.

Arlene Singer, J.                             _____
                                                                                 JUDGE

Thomas J. Osowik, J.

                              _____
James D. Jensen, P.J.                                 JUDGE
CONCUR.

                              _____
                                                                                 JUDGE