[Cite as *State v. Arnold*, 2017-Ohio-7644.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                          Court of Appeals No. L-16-1261

　　　　Appellee                                    Trial Court No. CR0201503138

v.

Marcus Arnold                                       **DECISION AND JUDGMENT**

　　　　Appellant                                    Decided:  September 15, 2017

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Khaled Elwardany, Assistant Prosecuting Attorney, for appellee.

Lawrence A. Gold, for appellant.

* * * * *

**JENSEN, P.J.**

## I.  Introduction

**{¶ 1}** This is an appeal filed pursuant to *Anders v. California*, 386 U.S. 738, 87

S.Ct. 1396, 18 L.Ed.2d 493 (1967).  Appellant, Marcus Arnold, appeals the judgment of

the Lucas County Court of Common Pleas, imposing a sentence of 36 months in prison

following his no contest plea to one count of having weapons while under disability and one count of resisting arrest. Finding no error in the proceedings below, we affirm the trial court's judgment.

## II. Facts and Procedural Background

{¶ 2} The facts of this case were succinctly summarized by the state during the plea hearing as follows:

[The state] would have shown, through the testimony of Toledo Police Officer Ivey and Toledo Police Officer Krabill, that on December 10th, 2015, they witnessed the Defendant walking between traffic on East Broadway Street near Nevada causing other vehicle traffic to slow down in order to avoid hitting the Defendant. They then conducted a stop of the Defendant and, when they approached him, he seemed very nervous. Officer Krabill then told the Defendant he was going to conduct a pat down of the Defendant for officer safety. When he did so, he felt something heavy and metal inside the Defendant's front left pocket. Upon checking into the pocket, he was able to see the handle of a .38-caliber Cobra Ent. Firearm with one magazine but no rounds in the gun. At that time he indicated to the Defendant he was being placed under arrest and was bent over the hood of the car. While Officer Ivey attempted to place handcuffs on the Defendant, he began to pull away and struggle with the officers. Ultimately the officers had to use several techniques, including

2.

stun, joint, and balance displacement in order to get the Defendant to the ground where they were able to hold him until additional assistance arrived. The officers would have testified this was a serious struggle, that during the struggle they were only able to broadcast dead air over the radio to other officers asking for help, because as soon as they were able to grab their microphone the Defendant would struggle more and they had to use as much manpower and hands as they could. Ultimately additional units arrived on scene and they were able to place the Defendant under arrest.

{¶ 3} Following his arrest, appellant was indicted on one count of having weapons while under disability in violation of R.C. 2923.13(A)(2), a felony of the third degree, one count of carrying concealed weapons in violation of R.C. 2923.12(A)(2) and (F), a felony of the fourth degree, and one count of resisting arrest in violation of R.C. 2921.33(A) and (D), a misdemeanor of the second degree.

{¶ 4} At his arraignment, appellant entered pleas of not guilty and counsel was appointed. Approximately one month later, appellant appeared before the trial court for a plea hearing, at which he tendered a plea of no contest to one count of having weapons while under disability and one count of resisting arrest. The remaining count of carrying concealed weapons was dismissed pursuant to a plea agreement.

{¶ 5} Prior to accepting appellant's plea, the trial court engaged appellant in a thorough Crim.R. 11 colloquy. After appellant was advised of his rights under Crim.R. 11, the trial court accepted appellant's no contest plea and found appellant guilty of the

3.

aforementioned charges.  The court then continued the matter for sentencing and ordered the preparation of a presentence investigation report.

{¶ 6} At sentencing, the trial court reviewed the presentence investigation report and considered statements in mitigation from appellant and his defense counsel. Thereafter, the trial court ordered appellant to serve four years of community control including 360 days at the Corrections Center of Northwest Ohio and 90 days in the Lucas County Work Release Program.  Notably, the court informed appellant that it could impose a prison sentence of up to 36 months on the having weapons while under disability charge if he violated the terms of his community control.

{¶ 7} On October 4, 2016, approximately nine months after he was initially sentenced, appellant appeared before the trial court and admitted to violating the terms of his community control.  Consequently, the court revoked appellant's community control, ordering appellant to serve 36 months in prison as to the charge of having weapons while under disability and 90 days in jail as to the resisting arrest charge, to be served concurrently.  In its sentencing entry, the court stated:

> Defendant was afforded all rights pursuant to Crim.R. 32.  The Court has considered the record, oral statements, any victim impact statement and community control violation report prepared, as well as the principles and purposes of sentencing under R.C. 2929.11, and has balanced the seriousness, recidivism and other relevant factors under R.C. 2929.12.

4.

**{¶ 8}** Following the trial court's imposition of sentence, appellant's timely notice of appeal was filed and appellate counsel was appointed.

**{¶ 9}** Appointed counsel submits that he has thoroughly reviewed the record and researched the legal issues presented, but finds no error in the proceedings below. Consequently, counsel seeks leave to withdraw from appellant's representation under *Anders*, *supra*.

**{¶ 10}** *Anders* and *State v. Duncan*, 57 Ohio App.2d 93, 385 N.E.2d 323 (8th Dist.1978), set forth the procedure to be followed by appointed counsel who desires to withdraw for want of a meritorious, appealable issue. In *Anders*, the United States Supreme Court held that if counsel, after a conscientious examination of the case, determines it to be wholly frivolous, he should so advise the court and request permission to withdraw. *Anders*, 386 U.S. at 744, 87 S.Ct. 1396, 18 L.Ed.2d 493. This request, however, must be accompanied by a brief identifying anything in the record that could arguably support the appeal. *Id.* Furthermore, counsel must furnish his client with a copy of the brief and request to withdraw from representation, and allow the client sufficient time to raise any matters that he chooses. *Id.*

**{¶ 11}** Once these requirements are satisfied, the appellate court must then conduct a full examination of the proceedings held below to determine if the appeal is indeed frivolous. If the appellate court determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating

constitutional requirements, or it may proceed to a decision on the merits if state law so requires. *Id.*

{¶ 12} Here, counsel has identified one potential assignment of error for our review:

> The trial court did not comply with R.C. 2929.11 and R.C. 2929.12 in sentencing appellant to a 36 month maximum sentence in the Ohio Department of Rehabilitation and Corrections for having weapons while under a disability.

### III. Analysis

{¶ 13} In his sole proposed assignment of error, appellate counsel suggests that the trial court erred in imposing appellant's sentence.

{¶ 14} Under R.C. 2953.08(G)(2), an appellate court may increase, reduce, or otherwise modify a sentence or may vacate the sentence and remand the matter to the sentencing court for resentencing if it clearly and convincingly finds either of the following:

> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

> (b) That the sentence is otherwise contrary to law.

6.

**{¶ 15}** Here, appellate counsel suggests that the trial court's maximum sentence of 36 months was contrary to law because it was not supported under R.C. 2929.11 and 2929.12. As noted above, the trial court specifically noted its consideration of R.C. 2929.11 and 2929.12 in its sentencing entry. Further, appellant's 36-month prison sentence was within the acceptable range of punishment for a felony of the third degree. R.C. 2929.14(A)(3)(b). Therefore, appellant's sentence is not contrary to law. *State v. Hildebrand*, 6th Dist. Lucas No. L-14-1049, 2015-Ohio-918, ¶ 9 (finding that a sentence that falls within the acceptable range under R.C. 2929.14 is not contrary to law where trial court's sentencing entry indicates that the court considered the principles and purposes of sentencing under R.C. 2929.11 and the relevant factors under R.C. 2929.12); *see also State v. Craig*, 6th Dist. Wood No. WD-14-061, 2015-Ohio-1479, ¶ 13.

**{¶ 16}** Accordingly, appellate counsel's sole proposed assignment of error is not well-taken.

**{¶ 17}** In accordance with *Anders*, *supra*, appointed counsel has requested permission to withdraw from this case. He has provided a certification verifying that he made a conscientious review of the case, found the appeal to be wholly frivolous, filed a brief on appellant's behalf identifying proposed assignments of error, and mailed the brief to appellant along with a letter informing him that he has the right to file his own brief. Appellant did not file a brief. Counsel's motion to withdraw is found well-taken and is hereby granted.

7.

## IV. Conclusion

{¶ 18} This court, as required under *Anders*, has undertaken our own examination of the record to determine whether any issue of arguable merit is presented for appeal. We have found none. Accordingly, we grant the motion of appellant's counsel to withdraw.

{¶ 19} The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. The clerk is ordered to serve all parties with notice of this decision.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.                              _____
                                                              JUDGE
Thomas J. Osowik, J.

James D. Jensen, P.J.                      _____
CONCUR.                                                   JUDGE

                                                      _____
                                                              JUDGE